(884 P.2d 437)
No. 71,250

STATE OF KANSAS, *Appellee*, v. PHILLIP BRIAN HOUDYSHELL and
FLOYD F. HOUDYSHELL, *Appellants*.

Opinion filed November 4, 1994.

*Gregory G. Lower*, of Cassell & Lower, of Wichita, and *Dennis D. Webb*, of Wichita, for appellant.

*Chris O. Concannon*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., GERNON, J., and C. FRED LORENTZ, District Judge, assigned.

BRAZIL, J.: Phillip Brian Houdyshell and his brother Floyd F. Houdyshell appeal from the district court's findings regarding the offense severity levels for their crimes under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq.* Floyd also appeals from his jury conviction for aggravated battery. We affirm in part, reverse in part, and remand.

The parties were ordered to show cause why this appeal should not be limited to the district court's order on the KSGA sentence it would have imposed. This court noted that it appeared the notice of appeal in this case was not filed within the statutory time limits which would allow the Houdyshells to raise conviction issues. The documents on file indicated sentence was pronounced on July 14, 1993, and a motion to modify was not filed within 120 days. Therefore, the notice of appeal filed February 24, 1994, was beyond the 130-day limitation of K.S.A. 1993 Supp. 22-3608(a) and K.S.A. 1993 Supp. 21-4603(d)(1).

The Houdyshells responded in part by noting that they had filed motions to modify on July 21, 1993, which would extend their time for filing a notice of appeal. These motions were not included at the time of docketing but subsequently have been filed with the Clerk of the Appellate Courts.

*State v. Ji*, 255 Kan. 101, 108-10, 872 P.2d 748 (1994), held that when the defense files a timely motion to modify, the time for filing a notice of appeal is extended for 10 business days after the district court files its journal entry ruling on the motion to modify.

Once the first motions to modify are considered, this appeal is timely for conviction issues. The Houdyshells were sentenced

on July 14, 1993. The defense filed motions to modify on July 21, 1993—7 days into the 120-day time limit. The district court denied these motions and filed a journal entry on February 14, 1994. A notice of appeal for both Houdyshells was filed on February 24, 1994, eight business days later. Therefore, under *Ji*, the notice of appeal is timely, and this court can consider conviction issues as well as KSGA issues.

The jury found both brothers guilty of aggravated battery.

Floyd argues a rational factfinder could not have found him guilty beyond a reasonable doubt even when the evidence is viewed in the light most favorable to the prosecution. He states there is no evidence that would support a conclusion that he was either directly involved in an aggravated battery or aided and abetted in an aggravated battery. The State asserts Floyd was clearly an aider and abettor to the crime and that this court should not retry the case or reweigh the evidence.

In reviewing the sufficiency of the evidence, this court should look to all of the evidence in the light most favorable to the prosecution and determine whether "a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Graham*, 247 Kan. 388, Syl. ¶ 5, 799 P.2d 1003 (1990). Further, this court should not review jury determinations on the credibility of a witness; credibility of a witness is an issue for the factfinder to determine. *State v. Wade*, 244 Kan. 136, 146, 766 P.2d 811 (1989).

K.S.A. 1993 Supp. 21-3205(1) provides that a person can be "criminally responsible for a crime committed by another if such person intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime." Further,

"[m]ere association with the principals who actually commit the crime or mere presence in the vicinity of the crime are themselves insufficient to establish guilt as an aider and abettor; however, when a person knowingly associates himself with the unlawful venture and participates in a way which indicates he willfully is furthering the success of the venture, such evidence of guilt is sufficient to go to the jury." *State v. Dunn*, 243 Kan. 414, 429, 758 P.2d 718 (1988).

Taken in the light most favorable to the prosecution, without re-evaluating the credibility of the witnesses, the evidence in this

case showed that Floyd grabbed Truman Cross from behind. Phillip punched Cross. Although, there is no evidence Floyd punched Cross or held him while Phillip punched him, when viewed in the light most favorable to the prosecution, the evidence that Floyd grabbed Cross supports an inference that Floyd intentionally aided and abetted Phillip in punching Cross. The aggravated battery conviction is affirmed.

Phillip was sentenced to 5 to 20 years, and Floyd was sentenced to 4 to 12 years. At a subsequent hearing, the court calculated the appropriate offense severity level under KSGA to be a severity level 4 for each brother, thus denying them retroactive application of the KSGA.

K.S.A. 21-3414, the statute under which the Houdyshells were convicted, provides:

"Aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which either:
  (a) Inflicts great bodily harm upon him; or
  (b) Causes any disfigurement or dismemberment to or of his person; or
  (c) Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

K.S.A. 1993 Supp. 21-3414 subdivides aggravated battery into four different offense severity levels. K.S.A. 1993 Supp. 21-3414(a) provides:

"Aggravated battery is:
  (1)(A) Intentionally causing great bodily harm to another person or disfigurement of another person; or
  (B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
  (C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
  (2)(A) recklessly causing great bodily harm to another person or disfigurement of another person; or
  (B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted."

K.S.A. 1993 Supp. 21-3414(b) further specifies:

"Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in subsection (a)(2)(B) is a severity level 8, person felony."

The district court noted that in order to impose sentence under the KSGA, somehow it had to adduce what the county attorney would have charged under the new, modified statutes and of what crime the jury would have found the defendants guilty. The court stated it remembered these cases well and found that the evidence showed there "was an intentional causing of great bodily harm by these defendants to . . . the victim." Therefore, the court calculated each brother's offense severity level to be a 4.

The Houdyshells argue that the trial court erred in determining their offense severity scores because it, in effect, found that a jury would have convicted them of a more serious crime under the new statutes than the crime with which they were charged. They argue the jury was never required to decide whether they intended to inflict great bodily harm on Cross and therefore it was inappropriate for the district court to find they intended to inflict great bodily harm when determining their offense severity scores. The Houdyshells contend the only way to determine an appropriate offense severity level is to look at the language of the information or complaint upon which a defendant stood trial and determine what offense and offense severity level that crime would convert to under the KSGA.

The State argues that the courts should look to the evidence adduced at trial and keep in mind that defendants are presumed to intend the natural and probable consequences of their acts when determining an appropriate offense severity level. It contends K.S.A. 1993 Supp. 21-3414 was rewritten so a court could rank a defendant's offense severity for aggravated battery based first upon the harm done and, second, upon the defendant's intention. Because the offense severity level is based primarily upon the ultimate harm done to the victim, it was appropriate for the district court in this case to find the Houdyshells' offense severity levels should be the highest available for aggravated battery.

Whether the district court erred in determining the Houdyshells' offense severity levels involves an interpretation of the KSGA. Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, 853 P.2d 680 (1993). Therefore, this court's review of this issue is unlimited, and this court is not bound by the determinations of the district court. *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

K.S.A. 1993 Supp. 21-4724(f) mandates that the district court shall calculate what the appropriate sentence would have been under the KSGA for an offender sentenced after July 1, 1993, for a pre-July 1, 1993, crime. The statute gives no guidance on how a district court should calculate an appropriate offense severity level under the new law. In most circumstances, this calculation should not be a problem because the court can look at the offense of conviction under the old law and simply look to the new statutes to determine what offense severity level that crime is under the new statute. The problem arises in cases where, as in the aggravated battery statute, the statute has been amended effective July 1, 1993, and has been subdivided into different offense severity levels depending on the circumstances of the crime. The district court must determine what offense severity level is appropriate for the crime of conviction.

The Houdyshells were each charged with unlawfully touching or applying force to Cross "with the intent to injure that person and which inflicted great bodily harm upon him or was done in a manner whereby great bodily harm, disfigurement, dismemberment, or death could be inflicted."

Based on the language of the information, the Houdyshells' crime should be considered aggravated battery under K.S.A. 1993 Supp. 21-3414(a)(1)(B) or (C), because the State did not charge the Houdyshells with intentionally causing great bodily harm. Therefore, they would have an offense severity level of 7.

The crime for which the Houdyshells were charged and convicted required the State to prove: (1) intent to injure and (2) great bodily harm was inflicted or could have been inflicted. The information filed against both Houdyshells and the instruction

given by the trial court closely followed the language of the former aggravated battery statutes and included both elements.

The severity level 4 version of aggravated battery as calculated by the trial court contained an additional element not included in the former aggravated battery statute: intent to commit serious bodily harm. This additional element was neither alleged nor proven in the Houdyshell cases.

It was error for the trial court to relieve the State of its burden to prove this element of the crime when it calculated the offense severity level as 4 in both cases, thus denying the Houdyshells the right to conversion of sentence under the KSGA.

In any criminal case, the information, complaint, or indictment is "the jurisdictional instrument upon which the accused stands trial." *State v. Chatmon*, 234 Kan. 197, 204-05, 671 P.2d 531 (1983). If the district court has no jurisdiction over the offense, it has no power to pronounce sentence for that offense. 234 Kan. at 205. If all essential elements of a crime are not charged in a complaint, or the crime is not a lesser included crime of the offense charged, the district court may not impose sentence for the crime not charged. Here, one of the essential elements of a severity level 4 aggravated battery, intent to do serious bodily harm, was not charged; therefore, the district court had no power to calculate the Houdyshells' KSGA sentence as though they had been convicted of a severity level 4 aggravated battery.

Further, in *In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), the Supreme Court explicitly held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975), applied the rule from *Winship* in a sentencing context. In that case, the State considered the crime of homicide one crime but subdivided it into two separate kinds of homicide, murder and manslaughter. Malice was an essential element of murder. The element of malice was implied unless the defendant could show by a preponderance of the evidence that he or she acted in the heat of passion. 421 U.S. at 686. The Court found that the

safeguard of *Winship*, the requirement of proof beyond a reasonable doubt of all elements of the offense including malice, was required because of the large difference in sentencing for the two forms of homicide. 421 U.S. at 698.

In this case as in *Mullaney*, a crime has been subdivided into separate types of the same crime with the more severe crime having an element not included in the lesser. Due process requires proof beyond a reasonable doubt of every element of the greater type of the crime before a court may sentence a defendant for that crime. Therefore, because the State neither alleged nor was required to prove to the jury intent to do serious bodily harm beyond a reasonable doubt, the district court erred in calculating the Houdyshells' KSGA sentence as a severity level 4 aggravated battery offense.

Floyd Houdyshell's conviction for aggravated battery is affirmed. The trial court's findings regarding the offense severity levels of both defendants are reversed, and the case is remanded for further proceedings.