(947 P.2d 454)
No. 77,077

KENNETH M. DOOLIN, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed November 7, 1997.

*Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*James T. Pringle, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., ROGG, S.J., and PAULA B. MARTIN, District Judge, assigned.

ROGG, J.: Kenneth Doolin appeals from the denial of his K.S.A. 60-1507 petition for retroactive sentence conversion under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*

On September 30, 1992, Doolin was convicted by a jury of attempted aggravated robbery, conspiracy to commit aggravated robbery, and aggravated battery. The State's evidence at trial revealed that Doolin shot a store clerk three times while attempting to rob a convenience store with another individual on June 26, 1992. The store clerk was seriously injured but survived the shooting.

Doolin was sentenced to 5 to 20 years' imprisonment on the attempted aggravated robbery count, 1 to 5 years on the conspiracy to commit aggravated robbery count, and 5 to 20 years on the aggravated battery count. The trial court ordered the sentences to

run consecutively. Doolin's convictions were affirmed by this court in *State v. Doolin*, No. 69,388, unpublished opinion filed February 25, 1994.

On August 13, 1993, the Department of Corrections (DOC) notified Doolin that he was ineligible for sentence conversion based on his aggravated battery conviction, which it classified as a severity level 4 crime. Doolin subsequently filed a petition under K.S.A. 60-1507, claiming that he was eligible to have his indeterminate sentence converted to a guidelines sentence. He argued that under *State v. Houdyshell*, 20 Kan. App. 2d 90, 95, 884 P.2d 437 (1994), the DOC incorrectly classified the aggravated battery as a severity level 4 instead of a severity level 7 crime. Doolin further claimed his criminal history category was I.

The district court denied Doolin's petition without holding an evidentiary hearing, finding that his claims were without merit on their face. The court found Doolin's contention regarding the severity level was irrelevant because he was ineligible for conversion even if the aggravated battery was classified as a severity level 7 offense. The court noted Doolin was ineligible because his other convictions were severity level 5 crimes and his criminal history category was E rather than I. Doolin timely appeals.

Doolin argues that the district court erred in denying his petition without holding a hearing or appointing counsel. He maintains that without an evidentiary hearing, the court did not have sufficient evidence to rule on his challenges to the assigned severity level for the aggravated battery conviction or his criminal history determination.

An evidentiary hearing on a K.S.A. 60-1507 petition is not required if the motion and the files and records of the case conclusively show that the movant is not entitled to relief. K.S.A. 60-1507(b). The burden is on the movant to allege facts sufficient to warrant a hearing on the motion. *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994). If no substantial issues of fact are presented by the motion, the district court is not required to appoint counsel or hold a hearing. *Rhone v. State*, 211 Kan. 206, 208, 505 P.2d 673 (1973).

Doolin claims the DOC improperly assigned a severity level 4 to his aggravated battery conviction because the State never alleged or proved the essential element of intent to cause great bodily harm during his trial.

Doolin was convicted of aggravated battery pursuant to K.S.A. 21-3414 (Ensley 1988), which provides:

"An aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which either:
"(a) Inflicts great bodily harm upon him; or
"(b) Causes any disfigurement or dismemberment to or of his person; or
"(c) Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

In 1993, the statute was amended to read in pertinent part, as follows:

"(a) Aggravated battery is:
(1)(A) Intentionally causing great bodily harm to another person or disfigurement of another person; or
(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
(C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.
. . . .
"(b) Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony." K.S.A. 1993 Supp. 21-3414.

Under the old statute, Doolin had to unlawfully touch or apply force with intent to injure the victim. See K.S.A. 21-3414 (Ensley 1988). However, under the 1993 version, Doolin must have intended to cause great bodily harm to the victim for the crime to rise to severity level 4. See K.S.A. 1993 Supp. 21-3414.

In *State v. Fierro*, 257 Kan. 639, 650, 895 P.2d 186 (1995), the court noted: "In converting a sentence, the legislature intended that the Department of Corrections use records available to it to determine what the defendant did when the crime was committed and convert that crime to an analogous crime existing after July 1, 1993." The court held that the actual conduct of the defendant

controls the manner in which a guidelines sentence is computed by applying the acts committed to the comparable crime in effect after July 1, 1993. 257 Kan. at 650; see *State v. Whitaker*, 260 Kan. 85, 94, 917 P.2d 859 (1996). Consequently, the only real issue in this case is whether, based on the facts of the case, the DOC correctly found that Doolin intended to cause great bodily harm.

Generally, whether bodily harm is great is a question of fact. 260 Kan. at 94. The State, relying on *State v. Valentine*, 260 Kan. 431, 921 P.2d 770 (1996), contends that Doolin committed a severity level 4 aggravated battery as a matter of law. In that case, Valentine shot the victim four or five times, one gunshot severing the victim's spine and paralyzing him from the waist down. On appeal, Valentine argued that the trial court erred in failing to instruct the jury on severity level 7 aggravated battery as a lesser included offense of severity level 4 aggravated battery based on *State v. Ochoa*, 20 Kan. App. 2d 1014, 895 P.2d 198 (1995). The Supreme Court rejected this argument, stating:

"A 'through and through' bullet wound in the abdomen does not present a question of fact as to whether it is mere bodily harm or great bodily harm. This constitutes great bodily harm. See *State v. Whitaker*, 260 Kan. 85, 917 P.2d 859 (1996). There may be instances where a bullet wound is not 'great' bodily harm when, for example, it grazes the skin, but we cannot envision a 'through and through' bullet wound, as occurred in *Ochoa*, that does not amount to great bodily harm. That part of *Ochoa*, inconsistent with this opinion, is disapproved. As such, we have no difficulty in finding that a bullet wound which severs the spinal cord and causes paralysis, a much worse wound than a through and through bullet wound, qualifies as great bodily injury as a matter of law." 260 Kan. at 435.

Here, the evidence presented at trial indicates that Doolin shot the store clerk three times with an assault rifle. The clerk was shot in the calf, the upper right leg, and the left hip. The clerk underwent 8 hours of emergency surgery, and his hip socket and hip bone sustained so much damage that it was necessary to replace them with artificial ones. The jury found Doolin guilty of aggravated battery beyond a reasonable doubt based on this conduct. While the record is not clear whether the bullet wounds were "through and through" wounds, we find as a matter of law that the injuries sustained by the clerk were serious enough to constitute

great bodily harm. See *State v. Valentine*, 260 Kan. at 435; *State v. Whitaker*, 260 Kan. at 94. Accordingly, the DOC properly assigned a severity level 4 to the offense.

Doolin next argues that the district court erred in finding that his criminal history was a category E without requiring the State to present sufficient evidence to meet its burden of proof. He correctly notes that when a defendant challenges prior convictions set forth in the criminal history worksheet, the State has the burden of producing evidence, by a preponderance of the evidence, to establish the disputed convictions in the worksheet. K.S.A. 1993 Supp. 21-4715(a) and (c).

However, since Doolin committed a severity level 4 aggravated battery as a matter of law, the challenge to his criminal history is moot as to this sentencing because that conviction's presumptive sentence is imprisonment, excluding him from retroactive application of the guidelines to his sentence for this offense. K.S.A. 1993 Supp. 21-4724(b)(1). In *State v. Lunsford*, 257 Kan. 508, Syl. ¶ 1, 894 P.2d 200 (1995), the Supreme Court held: "If a defendant is ineligible for conversion *on any crime for which he or she is serving a sentence, he or she is ineligible for retroactive application of the sentencing guidelines.*" (Emphasis added.)

Doolin argues that the consecutive nature of his sentences distinguishes this case from *Lunsford*. However, there is nothing in *Lunsford* indicating that its holding is limited to cases involving concurrent sentences. Thus, under *Lunsford*, since Doolin's sentence for aggravated battery is not eligible for conversion, his other sentences for attempted aggravated robbery and conspiracy to commit aggravated robbery are also rendered ineligible for conversion.

Although the district court incorrectly relied on the contested criminal history in concluding that Doolin was ineligible for conversion, a trial court's decision that reaches the right result will be upheld even though the court relied on the wrong reason for its decision. See *Cabral v. State*, 19 Kan. App. 2d 456, 466, 871 P.2d 1285, *rev. denied* 255 Kan. 1000 (1994). Thus, the district court did not err in denying Doolin's K.S.A. 60-1507 motion.

However, while the current sentence is not affected by Doolin's criminal history, the determination in this case will follow Doolin in regard to any future sentencing on a new conviction. This is Doolin's opportunity to raise the issue. For this reason, we remand the criminal history issue to the trial court for the appointment of counsel and an evidentiary hearing. The determination made by the court after hearing should be conveyed to all appropriate authorities.

Affirmed and remanded with directions.