(965 P.2d 228)

No. 79,017

WILLMORE L. BRADLEY, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed August 28, 1998.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Timothy J. Chambers*, county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before BRAZIL, C.J., RULON, J., and LARRY T. SOLOMON, District Judge, assigned.

RULON, J.: Petitioner Willmore L. Bradley appeals from the denial of his K.S.A. 60-1507 action seeking retroactive sentence conversion under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* We affirm.

On August 15, 1978, petitioner entered a plea of guilty to voluntary manslaughter and robbery. The sentencing court invoked the Habitual Criminal Act, K.S.A. 21-4504, due to a prior conviction on April 22, 1975, of burglary and sentenced petitioner to 10 to 40 years on the voluntary manslaughter count and 10 to 40 years

on the robbery count. These sentences were ordered to run consecutively, making an aggregate sentence of 20 to 80 years.

Eventually, petitioner filed a pro se petition for writ of habeas corpus and a motion for conversion requesting the sentencing court to convert the two consecutive 10 to 40 year terms under the retroactivity provisions of the KSGA. The sentencing court appointed an attorney to represent petitioner and set the motion for hearing.

Ultimately, a hearing was held. Petitioner claimed he had served 16 years and 2 months on his sentence. Previously, petitioner had been released on parole but then returned to prison on a technical parole violation for 3 years. Again, petitioner was paroled and, again, he was returned to prison on a technical violation. Petitioner argues that if his sentences were retroactively converted under the KSGA, he should have served only 90 days for the technical parole violation. Petitioner argues that the failure to retroactively convert his sentences and release him violated his right to equal protection of the law and due process and served as an ex post facto law.

The sentencing court ruled against petitioner, finding *Chiles v. State,* 254 Kan. 888, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994), controlling. The court further found petitioner was to remain under the parole system because he was not subject to conversion under the KSGA.

Petitioner contends the sentencing court should have determined for each offense (1) the proper severity levels, (2) the applicable criminal history, and (3) his eligibility for retroactive sentence conversion. Petitioner further asserts that if he is found to be statutorily ineligible for conversion on one of the offenses, he is still entitled to retroactive conversion of the sentence on the remaining offense because his sentences run consecutively.

The KSGA provides for limited retroactive sentence conversion. Eligibility for retroactive sentence conversion is defined as follows: "The [Kansas Department of Corrections] shall prepare a sentencing guidelines report on all such imprisoned inmates except those who have convictions for crimes which, if committed on or after July 1, 1993, would constitute a severity level 1, 2, 3 or 4 felony on the sentencing guidelines grid for nondrug crimes . . . ." K.S.A.

21-4724(c)(1). A conviction for voluntary manslaughter is a severity level 3, person felony under K.S.A. 21-3403. Under the facts shown, petitioner's conviction of voluntary manslaughter makes him ineligible for retroactive sentence conversion.

The necessity to determine eligibility for retroactive sentence conversion of any remaining offenses not statutorily ineligible and the criminal history of each offense were addressed in *Doolin v. State*, 24 Kan. App. 2d 500, 947 P.2d 454 (1997). Doolin was convicted of attempted aggravated robbery, conspiracy to commit aggravated robbery, and aggravated battery in 1992. His sentences on all charges were to run consecutively. The Court of Appeals ruled in *Doolin*, "since Doolin's sentence for aggravated battery is not eligible for conversion, his other sentences for attempted aggravated robbery and conspiracy to commit aggravated robbery are also rendered ineligible for conversion." 24 Kan. App. 2d at 504. Under *Doolin*, because petitioner's sentence for manslaughter is not eligible for conversion, his other sentence for robbery is not eligible for conversion.

A determination of petitioner's criminal history by the sentencing court is not necessary. The *Doolin* case controls this issue as well. Petitioner is ineligible for a retroactive conversion of his sentence due to the severity level of his offense. A voluntary manslaughter conviction has a presumptive sentence of imprisonment, excluding petitioner from retroactive application of the guidelines to his sentence for this offense. See 24 Kan. App. 2d at 504.

Next, petitioner argues *Chiles v. State*, 254 Kan. 888, 869 P.2d 707 (1994), which held that the limited retroactivity provision of the KSGA does not violate the Constitution was wrongly decided. In *State v. Lunsford*, 257 Kan. 508, 511, 894 P.2d 200 (1995), the court stated:

"The defendant's second argument on appeal is yet another attempt to have this court overrule *Chiles v. State* [citation omitted]. No argument is presented that was not considered and rejected in *Chiles*. This issue is without merit and

has been rejected by this court so many times it no longer warrants additional citations upholding *Chiles*."

This court concurs.

Affirmed.