Sᴛᴀᴛᴇ ᴏꜰ Kᴀɴsᴀs, *Appellee*, v. Lᴀʀʀʏ Mᴏᴏʀᴇ, *Appellant*.

(23 P.3d 815)

*Patrick H. Dunn*, assistant appellate defender, argued the cause, and *Joseph P. Leon*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Debra S. Peterson*, assistant district attorney, argued the cause, and *David Lowden*, assistant district attorney, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case comes before us on the State's petition for review from the Court of Appeals' unpublished decision in *State v. Moore*, No. 82,411, filed August 11, 2000. The Court of Appeals' reversal of the defendant's aggravated battery conviction of his girlfriend, T.M., was based upon the trial court's refusal to give a lesser included offense instruction on simple battery. The question we must resolve is whether, under the facts of this case, the trial court had a duty to instruct on simple battery. We hold that there was no such duty, reverse the Court of Appeals, and remand to the Court of Appeals for consideration of other claims regarding the defendant's conviction.

The defendant, Larry Moore, was charged in case No. 98CR10 with one count of rape, one count of aggravated assault, one count of aggravated battery for attacking his wife, P.M., and one count of criminal threat for threatening his 6-year-old son, L.C.M. In case No. 98CR337, he was charged with the offense we consider in this appeal, aggravated battery of his girlfriend, T.M. All charges were consolidated for trial, and the defendant was convicted and sentenced on all charges. The Court of Appeals affirmed all of the defendant's convictions except his aggravated battery conviction of T.M. We denied the defendant's petition for review and granted the State's petition for review on the defendant's aggravated battery conviction of T.M.

Highly summarized, the facts established that the defendant met T.M. in October 1997 at a topless dance club where she worked. T.M. began staying in one of the defendant's houses. T.M. testified that she was ironing a pair of jeans one day when the defendant

came into the room. The defendant was upset because T.M. had returned two chainsaws that another person had given the defendant in exchange for drugs. The defendant grabbed the iron and burned her legs. He then lifted her shirt, burned her breast, and dropped the iron between her legs, burning her inner thighs.

Photographs admitted into evidence taken 5 days after the incident and again approximately 4 weeks after the incident showed burn marks on T.M.'s legs and inner thighs. The photographs also showed an iron-shaped mark on her breast. Police officer Laurence Wade testified that he examined T.M.'s injuries approximately 1 month after the incident. According to him, there was a mark on her breast that was still healing or was possibly a permanent scar. T.M. testified that she had scars on her inner thighs but was not asked and did not comment on whether she had permanent scars on her breast or legs.

At the instruction conference, the trial court stated it was not giving lesser included offense instructions for the charge of aggravated battery of T.M. Defense counsel objected. The trial court stated: "I'm finding as a matter of law that disfigurement has occurred. This is—it's either a not guilty or guilty. There's no question about the disfigurement that was caused."

## Discussion and Analysis

The defendant was charged under K.S.A. 21-3414(a)(1)(A), which defines aggravated battery as intentionally causing great bodily harm to another person or disfigurement of another person. Simple battery is a lesser included offense of aggravated battery and is defined as intentionally or recklessly causing bodily harm to another person. K.S.A. 2000 Supp. 21-3412. The critical difference between the two offenses lies in the harm caused. Aggravated battery involves "great bodily harm" or "disfigurement," while simple battery involves "bodily harm" only. The trial court determined that the victim's injuries constituted disfigurement. However, when instructing the jury on the aggravated battery, the trial court instructed on both "great bodily harm" and "disfigurement." In other words, the jury could have found the defendant intentionally inflicted either great bodily harm or disfigurement in finding him

guilty of aggravated battery. Thus, we consider both "disfigurement" and "great bodily harm" in resolving the issue presented.

A criminal defendant has a right to an instruction on all lesser included offenses supported by the evidence as long as (1) the evidence, when viewed in the light most favorable to the defendant's theory, would justify a jury verdict in accord with that theory and (2) the evidence at trial does not exclude a theory of guilt on the lessor offense. *State v. Williams*, 268 Kan. 1, 15, 988 P.2d 722 (1999). However, an instruction on a lesser included offense is not proper if from the evidence the jury could not reasonably convict of the lesser offense. *State v. Robinson*, 261 Kan. 865, 883, 934 P.2d 38 (1997). "Where there is no substantial evidence applicable to the lesser degrees of the offense charged, and all of the evidence taken together shows that the offense, if committed, was clearly of the higher degree, instructions relating to the lesser degrees of the offense are not necessary." *State v. Gibbons*, 256 Kan. 951, 955, 889 P.2d 772 (1995).

Kansas cases have distinguished great bodily harm from bodily harm, noting the term "great" distinguishes the bodily harm necessary from slight, trivial, minor, or moderate harm, and does not include mere bruising, which is likely to be sustained by simple battery. *State v. Dubish*, 234 Kan. 708, 715, 675 P.2d 877 (1984); *State v. Sanders*, 223 Kan. 550, 552, 575 P.2d 533 (1978). The same is true with regard to "disfigurement." "Disfigurement" has no single technical meaning or single definition and should be considered in the ordinary sense. *State v. Chandler*, 252 Kan. 797, 804, 850 P.2d 803 (1993). When an injury has been established, the question of whether it constitutes great bodily harm or disfigurement is normally a question to be determined by the trier of fact. *State v. Kelley*, 262 Kan. 755, 761, 942 P.2d 579 (1997).

In a limited number of cases, this court has held that certain injuries constitute great bodily harm as a matter of law. See *State v. Whitaker*, 260 Kan. 85, 93-94, 917 P.2d 859 (1996) (holding that a through and through bullet wound constituted great bodily harm); *State v. Valentine*, 260 Kan. 431, 435, 921 P.2d 770 (1996) (holding that a bullet wound which severed the spinal cord and caused paralysis constituted great bodily harm as a matter of law);

*State v. Doolin*, 24 Kan. App. 2d 500, 503-04, 947 P.2d 454 (1997) (holding that bullet wound which required a hip bone and hip socket to be replaced constituted great bodily harm as a matter of law). However, it should be noted that of these three cases, only *Valentine* involved a question of whether a lesser included offense instruction should have been given. In both *Whitaker* and *Doolin*, the question was whether the defendant's prior convictions had been correctly classified for criminal history purposes. *Whitaker*, 260 Kan. at 90-94; *Doolin*, 24 Kan. App. 2d at 502-04. In both of those cases, it was impossible to have a jury determination of the harm. We noted in *Whitaker*:

"Whether bodily harm is great is generally a question of fact for the jury, not the trial judge. [Citations omitted.] Here, however, where the determination of great bodily harm is made in the context of classifying the severity level of the crime, the trial judge is required to explore that question and determine if great bodily harm occurred." 260 Kan. at 94.

We have also held that rape or aggravated sodomy constitutes great bodily harm as a matter of law. *State v. Gideon*, 257 Kan. 591, 614, 894 P.2d 850 (1995).

In this case, the trial court considered the nature of the victim's injuries. The only evidence before the court was that the victim's breast and thighs were burned by a hot iron and scarred. Photographs taken 5 days after the incident and 4 weeks after the injuries showed burn marks on the victim's legs and inner thighs. At the time of trial, 9 months after the incident, the victim's thighs were scarred. A police officer who examined her injuries 4 weeks after the incident testified that the mark on the victim's breast was possibly a permanent scar. The trial court concluded that there was no substantial evidence applicable to the lesser degrees of the offense charged and that all the evidence taken together shows the offense, if committed, was clearly of the higher degree.

It is clear that the injuries to T.M. in this case were not trivial, minor, or in the nature of bruising. The question is whether a reasonable jury could have found that the injuries constituted "moderate" harm, which would necessitate a giving of a simple battery instruction. See *Dubish*, 234 Kan. at 715 (moderate harm is encompassed within simple battery). We have examined both

the testimony describing the injuries and the photographs of the injuries. We conclude, based on the evidence presented, including the photographs, that no reasonable jury could have found the injuries to constitute moderate harm. Rather, the offense if committed, was clearly of the higher degree, and the trial court did not err in failing to give an instruction on the lesser offense of simple battery, as there was simply no evidence from which a reasonable jury could have convicted the defendant of that offense. See *Gibbons*, 256 Kan. at 955.

The instructions given allowed the jury the option of convicting the defendant of aggravated battery based on either great bodily harm or disfigurement. Therefore, in order to uphold the jury's verdict, this court must find that the substantial evidence of record supported both means of committing the offense of aggravated battery charged, *vis.*, great bodily harm and disfigurement. See *State v. Timley*, 255 Kan. 286, 289, 875 P.2d 242 (1994) (holding that where a single offense may be committed in more than one way, there must be juror unanimity as to guilt for the crime, but there need not be unanimity as to the means so long as substantial evidence supports each alternative means charged beyond a reasonable doubt). In this case, there was substantial evidence supporting a finding of both great bodily harm and disfigurement, and it therefore makes no difference whether there was a division on the jury concerning either alternative.

The decision of the Court of Appeals reversing the defendant's conviction of aggravated battery of T.M. is reversed, and the case is remanded to the Court of Appeals for consideration of additional claims regarding that conviction.