No. 71,618

STATE OF KANSAS, *Appellee*, v. JOHN R. LUNSFORD, *Appellant*.

(894 P.2d 200)

Opinion filed April 21, 1995.

*Benjamin C. Wood*, special appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Rodney H. Symmonds*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal from the trial court's denial of defendant's motion for an evidentiary hearing to convert his pre-guidelines sentences to guidelines sentences.

The defendant, John R. Lunsford, pleaded guilty to one count of aggravated arson and two counts of voluntary manslaughter in 1979.

The defendant was sentenced pursuant to the statutes in effect at the time of the offense. He was sentenced to 5 to 20 years for each of the voluntary manslaughter convictions and to 15 years to life for the aggravated arson conviction. The sentences were imposed concurrently for a controlling sentence of 15 years to life.

The Kansas Sentencing Guidelines Act (KSGA) became effective July 1, 1993. K.S.A. 1994 Supp. 21-4701 *et seq.* Pursuant to

K.S.A. 1994 Supp. 21-4724, the Department of Corrections (DOC) reviewed defendant's records and notified defendant that he had a least one offense with a severity level that made him ineligible for retroactive application of the sentencing guidelines. The DOC listed the controlling offense as aggravated arson. Voluntary manslaughter is a severity level 3 crime (nondrug grid). Aggravated arson is a severity level 3 crime (nondrug grid) if it involved a substantial risk of bodily harm. Severity level 3 crimes are ineligible for retroactive application of the sentencing guidelines.

Defendant then filed a motion in the Lyon County District Court seeking a hearing regarding conversion of his sentence under Kansas Sentencing Guidelines Act. The parties do not raise the question whether the DOC ruling is subject to a direct appeal. It is not. See *State v. Randall*, 257 Kan. 482, 894 P.2d 196 (1995). As in *State v. Randall*, we elect to treat this appeal as a K.S.A. 60-1507 motion.

The trial court in this case appointed an attorney to represent the defendant, set the motion for hearing, and ordered the defendant to show cause why his motion should not be summarily dismissed because a severity level 3 nondrug crime is ineligible for sentence conversion. The defendant, through his attorney, responded to the show cause order at a nonevidentiary hearing and argued that aggravated arson may be a severity level 3 or a severity level 6 crime and that if it is a level 6 crime he was entitled to conversion of his sentence.

Prior to July 1, 1993, aggravated arson was arson committed upon a building or property "in which there is some human being." K.S.A. 21-3719. It was a class B felony. With the enactment of the KSGA, the crime of aggravated arson was divided into two severity levels, 3 or 6, depending on whether the offense involved a substantial risk of bodily harm. K.S.A. 1994 Supp. 21-3719. Looking only at the elements of the law in effect when the defendant committed the three crimes, aggravated arson would be a severity level 6 crime under the current law because presenting evidence that arson was committed upon a building or property in which there is a human being would not be evidence

that there is a substantial risk of bodily harm. The defendant here would be eligible for conversion to a severity level 6 crime under the KSGA using the elements of the old aggravated arson statute. Under the current statute, when arson is committed upon a building or property in which there is a human being and it results in a substantial risk of bodily harm, aggravated arson is a severity level 3 crime, ineligible for conversion under the KSGA. The parties assume that the post-July 1, 1993, statute applies, and their arguments focus on whether the defendant's crime involved a substantial risk of bodily harm. They make no argument that only the elements of the crime as it existed at the time of the offense can be considered in assigning a severity level. We therefore do not reach the issue of whether the DOC should look at the elements of the pre- or post-July 1, 1993, aggravated arson statute in determining the severity level of the defendant's crime.

The State argued the defendant was serving three sentences, each of which is a severity level 3 nondrug crime. If a defendant is ineligible for conversion on any crime being served, he or she is ineligible for retroactive application of the sentencing guidelines. The State then concluded that since the defendant is serving two sentences for voluntary manslaughter, there would be no need for an evidentiary hearing. The trial court agreed.

On appeal, the defendant makes a one-page argument on this issue. He suggests the trial court erred in making reference to a pathologist's testimony from the codefendant's trial. See *State v. Case*, 228 Kan. 733, 738, 620 P.2d 821 (1980). He argues he should have been allowed to present evidence that there was no substantial risk of bodily harm because the two victims were dead when the arson was committed. He also mentions in his statement of facts that his trial counsel had informed the trial court there was a possibility the defendant had served his sentences for voluntary manslaughter.

The record contains no positive statement and no proffer concerning whether the voluntary manslaughter sentences were complete. Certainly, that information was available to both the defendant and his counsel. Defendant bears the burden of proving he is entitled to relief. We have repeatedly held the trial court

need not have a hearing on mere conclusory statements of a defendant. *Cf. State v. Jackson*, 255 Kan. 455, Syl. ¶ 5, 874 P.2d 1138 (1994). The record makes clear that defendant is presently serving two sentences for voluntary manslaughter. Voluntary manslaughter is a severity level 3 nondrug crime. Thus, the defendant is ineligible for sentencing guidelines conversion. K.S.A. 1994 Supp. 21-4724.

Although we do not reach the issue of whether the defendant's aggravated arson crime is a severity level 3 or 6 crime, we note the defendant pleaded guilty to aggravated arson, which by statute at that time required a human being to be in the building. We have since held that in the context of K.S.A. 21-3719, aggravated arson, a human being means a living person. *State v. Kingsley*, 252 Kan. 761, 781, 851 P.2d 370 (1993).

We also hold that a prisoner's eligibility for retroactive sentence conversion based on the severity level of the crime is determined as of July 1, 1993, and if a prisoner is not eligible for sentence conversion on that date, subsequent events other than a reversal or new sentence imposed as a result of an appeal will not make the prisoner eligible for sentence conversion.

The defendant's second argument on appeal is yet another attempt to have this court overrule *Chiles v. State*, 254 Kan. 888, 869 P.2d 707, *cert. denied* 115 S. Ct. 149 (1994). No argument is presented that was not considered and rejected in *Chiles*. This issue is without merit and has been rejected by this court so many times it no longer warrants additional citations upholding *Chiles*.

Affirmed.