NOT DESIGNATED FOR PUBLICATION

No. 114,049

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENNIE MURDOCK,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed February 19, 2016. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.


*Per Curiam*: Bennie Murdock appeals the denial of his motion to correct an illegal sentence. This court granted Murdock's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response asking this court to affirm the district court. Because we find that Murdock's sentence was in all respects a legal sentence, we affirm.


FACTUAL AND PROCEDURAL BACKGROUND


In 1982, Murdock pled guilty to indecent liberties with a child, then a Class C felony. He was sentenced to an indeterminate sentence of 5 to 20 years in prison. At the time his sentence was imposed, he had convictions for first-degree murder, aggravated

1

burglary, and rape in another case. His consecutive sentences on those three charges amounted to life in prison. Documents in the appellate record from the Department of Corrections indicate his earliest possible release date is August 10, 2030.

In December 2014, Murdock filed a motion with the district court to convert his sentences in both cases from an indeterminate sentence to a determinate grid sentence "as a nonperson or unclassified offense(s)." The motion was denied as to both cases, and this appeal followed. We pause to note that we have jurisdiction only over the appeal related to the indecent liberties charge. Jurisdiction over the murder sentence rests solely with our Supreme Court, and in that case the Supreme Court found no error in the sentence imposed by the district court.

ANALYSIS

In 1992, the Kansas Legislature adopted a comprehensive sentencing scheme known as the Kansas Sentencing Guidelines Act (KSGA). K.S.A. 21-4701, *et seq*. As part of that sentencing scheme and in an effort to alleviate prison overcrowding, K.S.A. 21-4724 was adopted. *Chiles v. State*, 254 Kan. 888, 903, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994). It provided that some persons who were convicted of crimes prior to the effective date of the KSGA could be eligible to have their sentences modified to KSGA sentences. K.S.A. 21-4724(b). This is often referred to as the "retroactivity provision." 254 Kan. at 891. Application of the retroactivity provision could result in the inmate serving a lesser sentence. K.S.A. 21-4724(e). The Kansas Department of Corrections (KDOC) was required to conduct a review of all persons sentenced before July 1, 1993, (the effective date of the KSGA) and determine if their pre-1993 crime and sentence entitled them to relief under this retroactivity provision. K.S.A. 21-4724(c). The KDOC had a limited time to conduct this review. In turn, inmates had a limited time to contest the KDOC determination. K.S.A. 21-4724(d). A prisoner's eligibility for conversion of his or her sentence was to be determined as of July 1, 1993. K.S.A. 21-4724(c). "[I]f a

2

prisoner is not eligible for sentence conversion on that date, subsequent events other than a reversal or new sentence imposed as a result of an appeal will not make the prisoner eligible for sentence conversion." *State v. Lunsford*, 257 Kan. 508, Syl. ¶ 3, 894 P.2d 200 (1995).

Murdock does not allege that at the time his original sentence for indecent liberties with a child was imposed it was illegal. In addition, according to Murdock, his 1982 preguidelines sentence was not subject to retroactivity provision of the KSGA. This appears to be because his indecent liberties charge, classified as a level 5 felony on July 1, 1993, and his criminal history placed him in a presumptive imprisonment box under the KSGA. K.S.A. 21-3503. Only presumptive nonimprisonment sentences were subject to conversion under the KSGA. K.S.A. 21-4724(b)(1). As a level 5 person felony under the KSGA sentencing range for nondrug offenses, his sentence was presumptive prison unless he only had misdemeanor convictions on his criminal history. K.S.A. 21-4704 (Furse). We are unsure what prior convictions appeared on Murdock's presentence investigation report because neither that document—nor any discussion of it—is contained in the record on appeal. See *Southwestern Bell Tel. Co. v. Beachner Constr. Co.*, 289 Kan. 1262, Syl. ¶ 7, 221 P.3d 588 (2009) ("The responsibility for providing a record on appeal sufficient to support a party's argument belongs to that party."). It does appear he had convictions for first-degree murder, aggravated burglary, and rape at the time of his sentencing for indecent liberties with a child. In any event, Murdock agrees that his sentences were not eligible for conversion in 1993.

Murdock filed his motion to correct an illegal sentence pursuant to K.S.A. 22-3504 and to convert his sentence from an indeterminate sentence to determinate/grid sentence after the Supreme Court's decision in *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014) (involving Jimmy Murdock), *modified by* Supreme Court order September 14, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). He argued his sentence was illegal because, under *Murdock*, the offenses used to calculate

his sentence should be considered nonperson felony offenses. He seems to argue that had his crimes of conviction been classified as nonperson felonies, he would have been eligible for conversion of his sentence to a lesser KSGA sentence under K.S.A. 21-4724. The district court summarily denied his motion.

When a district court summarily denies a motion correct an illegal sentence under K.S.A. 22-3504, the court applies a de novo standard of review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). An illegal sentence is defined as (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. 296 Kan. at 902.

The district court found that (1) K.S.A. 21-4724 governs the process of conversion—precluding conversion for presumptive imprisonment offenses, (2) Murdock did not show there had been a reversal or a new sentence imposed as required for eligibility for a revised sentence conversion determination under *Lunsford*, and (3) the recent *Murdock* decision provided no grounds for relief. We agree with the district court's reasoning.

Moreover, since the district court's action, the Supreme Court reversed its finding in *Murdock* and held that "a pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute. The comparable post-KSGA Kansas criminal statute is the one in effect at the time the current crime of conviction was committed." *State v. Keel*, 302 Kan. 560, Syl. ¶ 8, 357 P.3d 251 (2015), *cert. denied* 136 U.S. 865 (2016). Because K.S.A. 21-3503 identifies indecent liberties as a level 5 person felony (just as it did on July 1, 1993), Murdock's pre-KSGA conviction for indecent liberties would be properly classified as a level 5 person felony for the

imposition of any post-KSGA sentences or any sentence conversions under K.S.A. 21-4724. In other words, the *Murdock* case and more importantly the *Keel* case have no influence on Murdock's sentence. The district court had jurisdiction when it imposed Murdock's sentence, the sentence conforms to the applicable statutes, and it is unambiguous. Accordingly, it was a legal sentence.

Finally, Murdock asks us to revisit the Kansas Supreme Court's decision in *Chiles* (finding that statutory scheme for converting less serious crimes to guidelines sentence, but not converting more serious crimes is constitutional). But we are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015).

In sum, the Kansas Supreme Court's decisions in *Murdock* and *Keel* do not influence the limited retroactivity provision of the KSGA, and the Kansas Supreme Court has not indicated it is departing from its holding in *Chiles*. Murdock does not qualify for retroactive application of the KSGA, he is not entitled to have his sentence converted, and his sentence is not illegal.

Affirmed.

5