NOT DESIGNATED FOR PUBLICATION

No. 114,421

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN EWING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed April 29, 2016.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., PIERRON, J., and JOHNSON, S.J.

*Per Curiam*:  Kevin Ewing appeals the district court's denial of his "motion to correct illegal sentence or convert sentence from indeterminate to determinate/grid sentence." Ewing filed a motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State responded but did not object to proceeding under the Rule. We granted Ewing's motion. Based on our review of the record before the sentencing court, we conclude that the district court did not err in denying Ewing any sentencing relief. Therefore, we affirm.

Ewing's motion for summary disposition provides a generally accurate factual background, as far as it goes, for the decision we are reviewing. Ewing states:

1

"1. On December 2, 1985, Kevin Ewing entered a guilty plea to one count of burglary, a class D felony. The district court ordered Mr. Ewing to serve an indeterminate sentence of not less than two years nor more than ten years. After Kansas enacted the Kansas Sentencing Guidelines Act (KSGA), on November 30, 1993, the Kansas Department of Corrections issued a Sentencing Guidelines Report in Mr. Ewing's case, finding that, because Mr. Ewing had two prior person felonies and four prior nonperson felonies, that his sentence in the present case was not eligible to be converted to a determinate KSGA grid sentence.

"2. After the Kansas Supreme Court issued *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), Mr. Ewing filed a motion to correct illegal sentence, arguing that *Murdock* required that all of his prior offenses be reclassified as nonperson offenses, making him eligible for conversion [to] a determinate KSGA grid sentence. The district court summarily denied the motion, finding that K.S.A. 1993 21-4724(b)(l) controlled conversion to a KSGA grid sentence, not *Murdock*. Mr. Ewing filed a timely notice of appeal."

Jason Smartt, an assistant public defender in Sedgwick County, filed Ewing's detailed motion for sentence conversion. The State did not file a written response. As Ewing indicates, the district court summarily denied the motion. However, it did not do so with a simple bench note. Rather, it issued a written decision in which it considered Ewing's arguments, the sentencing guidelines report prepared by the Kansas Department of Corrections (KDOC) in 1993, K.S.A. 1993 Supp. 21-4724 regarding eligibility for sentence conversion, and caselaw construing and applying the conversion statute. The district court implicitly rejected Ewing's claim that his indeterminate sentence was illegal under K.S.A. 22-3504(1). It explicitly held that, regardless of *Murdock*, Ewing was not entitled to sentence conversion under K.S.A. 1993 Supp. 21-4724.

Ewing acknowledged in his motion for summary disposition that the *Murdock* holding on which he based his arguments below has since been overruled. See *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order*

2

September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Nevertheless, it appears that Ewing still contends that his prior convictions should have been classified as nonperson offenses and his sentence here, to be legal, should have been converted to a guidelines sentence.

As a threshold matter we have concerns about our jurisdiction to entertain this appeal. However, we note that our Supreme Court has frequently reiterated that, under K.S.A. 22-3504(1), an illegal sentence can be corrected at any time. See, *e.g.*, *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015). The State does not challenge our jurisdiction. We will assume, without deciding, that we have jurisdiction to consider Ewing's claim that his unconverted sentence in this case is illegal.

Ewing's argument, though, appears to arise from a fundamental misunderstanding of how K.S.A. 1993 Supp. 21-4724 is to be applied: he contends that he would be entitled to a piecemeal conversion of his indeterminate sentence in this case if all of his pre-1993 convictions were classified as nonperson felonies. This is incorrect. K.S.A. 1993 Supp. 21-4724(b)(l) provided:

> "Except as provided in subsection (d), persons who committed crimes which would be classified in a presumptive nonimprisonment grid block on either sentencing grid, in grid blocks 5-H, 5-I or 6-G of the nondrug grid or in grid blocks 3-H or 3-I of the drug grid, pursuant to the provisions of subsection (c) of K.S.A.1993 Supp. 21-4705 and amendments thereto, if sentenced pursuant to the Kansas sentencing guidelines act, and were sentenced prior to July 1, 1993, shall have their sentences modified according to the provisions specified in the Kansas sentencing guidelines act."

Ewing's 1993 sentencing guidelines report from the KDOC indicated that he had the KSGA equivalent of two pre-1993 person felonies and four pre-1993 nonperson felonies. The report concluded that, based on Ewing's criminal history, he was ineligible for retroactive conversion of any of the several listed sentences he was then serving,

3

including the one in this case. Importantly, that report showed that in 1988 Ewing was convicted of attempted aggravated robbery, a fact Ewing overlooked or ignored in his motion. The report correctly noted that such an offense would be classified as a severity level 5 nondrug grid felony under the KSGA. Even if Ewing's pre-1993 felonies were all classified or reclassified as nonperson, that offense would still fall in grid block 5-E because Ewing had three or more prior nonperson felony convictions. The only nondrug grid level 5 offenders eligible for conversion were those whose offenses were in grid blocks 5-I or 5-H.

Thus, Ewing's attempted aggravated robbery crime, under the KSGA, would have been classified in a presumptive imprisonment grid block. Because of that, none of Ewing's pre-KSGA sentences were eligible for conversion. "If a defendant is ineligible for conversion on any crime for which he or she is serving a sentence, he or she is ineligible for retroactive application of the sentencing guidelines." *State v. Lunsford*, 257 Kan. 508, Syl. ¶ 1, 894 P.2d 200 (1995). K.S.A. 1993 Supp. 21-4724 did not provide for the piecemeal conversion of individual sentences Ewing argues he should have been granted. Accordingly, Ewing was, and is, ineligible for retroactive conversion under the KSGA of any of his indeterminate sentences. The district court did not err when it denied Ewing's motion.

Affirmed.