NOT DESIGNATED FOR PUBLICATION

No. 114,335

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENNIE PLUNKETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 29, 2016.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, C.J., HILL and ATCHESON, JJ.

*Per Curiam*:  Bennie L. Plunkett, Jr., appeals the district court's denial of his
motion to correct illegal sentence. Plunkett claims the district court erred when it denied
his motion and failed to have him present at the hearing on his motion. Finding no error,
we affirm.

On April 20, 1992, Plunkett pled guilty to one count of possession of cocaine in
91CR2122. The district court suspended the imposition of Plunkett's sentence for 1 year.
On March 5, 1993, following a jury trial, Plunkett was convicted of one count of

1

aggravated criminal sodomy and one count of rape in 92CR2012. The jury also convicted him of two counts of aggravated criminal sodomy and one count of rape in 92CR2274.

On April 22, 1993, the district court imposed a controlling sentence in 92CR2012 of a minimum of 15 years' imprisonment and a maximum of life imprisonment. In 92CR2274, the district court also imposed a controlling sentence of a minimum of 15 years' imprisonment and a maximum of life imprisonment. The district court ordered the sentence in 92CR2212 to run consecutively to the sentence in 92CR2274. Also, on April 22, 1993, the district court found that Plunkett had violated the terms and conditions of his suspended sentence in 91CR2122 and sentenced him to a minimum of 5 years' imprisonment and a maximum of 20 years' imprisonment. The district court ordered that this sentence run concurrently with the sentences in 92CR2012 and 92CR2274.

On September 9, 1993, Plunkett filed a pro se motion for an evidentiary hearing on the conversion of his sentence under the Kansas Sentencing Guidelines Act (KSGA) in 92CR2274. Plunkett argued that the Kansas Department of Corrections (KDOC) incorrectly compiled his criminal history score and that conversion of his sentence was required to comply with the legislative intent of the KSGA. On October 4, 1993, the district court denied Plunkett's motion.

On March 10, 1995, our Supreme Court reversed Plunkett's convictions in 92CR2012 and 92CR2274 due to judicial misconduct at trial. See *State v. Plunkett*, 257 Kan. 135, 891 P.2d 370 (1995). On June 14, 1995, a second jury convicted Plunkett of each of the charges in 92CR2012 and 92CR2274. The district court imposed the same sentences that it had imposed on April 22, 1993, for Plunkett's original convictions. Our Supreme Court affirmed Plunkett's convictions on March 14, 1997. See *State v. Plunkett*, 261 Kan. 1024, 934 P.2d 113 (1997).

On June 11, 2014, Plunkett filed a pro se motion to correct sentence, for "conversion to the KSGA," for order of discharge, and for appointment of counsel in all three of his cases. Plunkett argued that *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), made him eligible to have his sentence converted to a determinate sentence under the KSGA because it required all pre-1993 convictions to be reclassified as nonperson felonies.

The district court appointed an attorney to represent Plunkett, and on December 2, 2014, Plunkett's attorney filed a motion to correct illegal sentence or to convert his sentence from an indeterminate to a determinate or grid sentence under the KSGA. The motion reasserted Plunkett's argument that *Murdock* made his sentences illegal and the district court should reclassify his convictions as nonperson or unclassified offenses and resentence him under the KSGA.

On April 10, 2015, the district court filed a journal entry that summarily denied Plunkett's motion. The district court ruled that Plunkett's indeterminate sentences could not be converted to grid sentences because they were presumptive imprisonment sentences under the KSGA. The district court also ruled that *Murdock* did not provide a basis to convert Plunkett's sentences. Plunkett timely appealed the district court's ruling.

On appeal, Plunkett first claims the district court erroneously denied his motion to correct illegal sentence. Plunkett argues that the district court should have converted his indeterminate sentences to KSGA sentences because the reasoning of *Murdock* requires all pre-1993 convictions to be classified as presumptive nonprison sentences making them eligible for conversion. Plunkett notes that *Murdock* was overruled by *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). However, he argues that *Keel* is not a final decision because a petition for certiorari has been filed with the United States Supreme Court.

3

The State responds that *Murdock* only applies to out-of-state pre-1993 convictions and does not apply to Plunkett's in-state convictions. The State also argues that *Murdock* does not apply because it was overruled by *Keel*, which is a final decision because the United States Supreme Court denied certiorari.

When a district court summarily denies a motion to correct illegal sentence, an appellate court's review is de novo because it has the same access to the motion, records, and files as the district court. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013). A sentence is illegal when:  (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

Plunkett's motion to correct illegal sentence, purportedly based on *Murdock*, was actually a motion to convert his sentence from an indeterminate to a determinate or grid sentence under the KSGA. When the Kansas Legislature adopted the KSGA, it provided for the conversion of certain pre-KSGA indeterminate sentences to determinate or grid sentences. K.S.A. 1993 Supp. 21-4704. Specifically, K.S.A. 1993 Supp. 21-4724(b)(1) provided that defendants who committed crimes prior to July 1, 1993, shall have their indeterminate sentences converted to a KSGA sentence if their convictions would have fallen in a presumptive nonimprisonment grid box or a border box under the sentencing guidelines. K.S.A. 1993 Supp. 21-4724(c) required the Department of Corrections to determine whether a defendant was eligible for sentence conversion by July 1, 1993. If a defendant was not eligible for sentence conversion on July 1, 1993, future events cannot make the defendant eligible for conversion except for a reversal or new sentence imposed as the result of an appeal. *State v. Lunsford*, 257 Kan. 508, 511, 894 P.2d 200 (1995).

Plunkett's indeterminate sentences were not converted on July 1, 1993, because most of his convictions would have fallen into a presumptive imprisonment grid box

under the KSGA. Further, he has not received a reversal of his convictions or new sentence as a result of an appeal. Thus, under K.S.A. 1993 Supp. 21-4724, Plunkett is not entitled to have his indeterminate sentences converted to determinate or grid sentences under the KSGA.

Plunkett argues that the holding in *Murdock* somehow required the district court to reclassify his convictions as nonperson felonies under the KSGA, thereby making his sentences eligible for conversion. However, the Kansas Supreme Court recently rejected an argument identical to the one being made by Plunkett in *State v. Jeffries*, 304 Kan. ___, ___ P.3d ___ (No. 113,116, filed July 1, 2016). In *Jeffries*, the defendant was convicted in 1987 of felony murder and multiple counts of aggravated robbery, receiving a controlling prison term of life without possibility of parole for 30 years. In 2014, the defendant filed a motion to correct illegal sentence based on *Murdock*, which the district court denied. On appeal, our Supreme Court found that "*Murdock* is neither controlling nor analogous" to the defendant's argument that he was entitled to a sentence conversion. Slip op. at 2. Because the defendant's convictions would have fallen into a presumptive imprisonment grid box under the KSGA, the court concluded that his indeterminate sentence was ineligible for conversion to a guidelines sentence. Slip op. at 7.

As our Supreme Court stated in *Jeffries*, *Murdock* is not applicable to sentence conversion. The holding in *Murdock* only requires that pre-1993 out-of-state convictions be classified as nonperson felonies when calculating a defendant's criminal history score. *Murdock*, 299 Kan. at 319. Sentence conversion is controlled by K.S.A. 21-4724. Plunkett was not eligible for sentence conversion on July 1, 1993, because most of his convictions would have resulted in presumptive imprisonment sentences under the KSGA.

Moreover, our Supreme Court overruled *Murdock* in *Keel*. 302 Kan. 560. *Keel* held that the classification of pre-KSGA convictions as person or nonperson offenses for

5

criminal history purposes is based on the classification of the comparable Kansas offense at the time of the defendant's current crime of conviction. 302 Kan. at 590. Plunkett argues that the mandate in *Keel* is stayed because a petition for certiorari to the United States Supreme Court is pending. However, the petition for certiorari has been denied. *Keel v. Kansas*, 136 S. Ct. 865 (2016). *Keel* is final and *Murdock* is no longer good law. Because there was no basis to convert Plunkett's sentence to a grid sentence, the district court did not err when it denied Plunkett's motion to correct illegal sentence.

Next, Plunkett claims the district court erred by failing to have him present at the hearing on his motion to correct illegal sentence. Plunkett recognizes that the district court had the authority to summarily deny his motion without a hearing. However, he argues that the district court held a hearing on his motion and violated his statutory rights when it failed to have him present for the hearing. The State responds that Plunkett's right to be present was not violated because the district court summarily denied his motion and did not hold a hearing.

When a defendant files a motion to correct illegal sentence, the district court shall conduct an initial examination to determine if the motion raises substantial issues of law or fact. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). If the district court determines based on the motion, files, and records of the case that the defendant is not entitled to relief, the motion may be summarily denied without a hearing or appointment of counsel. 301 Kan. at 551. However, if the district court determines that a hearing is necessary, the defendant has a right to be present at the hearing and have assistance of counsel. K.S.A. 22-3504(1).

Plunkett's claim that the district court held a hearing on his motion is incorrect. Instead, the record is clear that the district court summarily denied the motion without a hearing. The order denying Plunkett's motion to correct illegal sentence stated that the motion "[came] before the court for consideration" on April 10, 2015. The order

specifically stated "[t]his court summarily denies defendant's motion without a hearing for the following reasons." The record on appeal does not contain a transcript of any hearing on Plunkett's motion.

Our Supreme Court has made it clear that a hearing is not required on a motion to correct illegal sentence when the motion, files, and records of the case show that the defendant is not entitled to relief. *Moncla*, 301 Kan. at 551. Here, the district court summarily denied Plunkett's motion without a hearing. Because the district court did not hold a hearing on Plunkett's motion, it follows that the district court did not violate Plunkett's right to be present at the hearing.

Affirmed.