NOT DESIGNATED FOR PUBLICATION

No. 114,296

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FREDERICK PARROTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed August 5, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and ATCHESON, JJ.

*Per Curiam*: Frederick C. Parrott appeals the district court's denial of his motion to correct illegal sentence. Parrott claims the district court erred when it denied his motion and failed to have him present at the hearing on his motion. Finding no error, we affirm.

1

On February 25, 1986, following a jury trial, Parrott was convicted of one count of aggravated robbery in 85CR372. On April 4, 1986, the district court sentenced Parrott to a minimum of 10 years' imprisonment and a maximum of life imprisonment.

On March 10, 1986, Parrott pled no contest to one count of indecent liberties with a child in 85CR354. On April 8, 1986, the district court sentenced Parrott to a minimum of 3 years' imprisonment and a maximum of 10 years' imprisonment. The district court ordered Parrott's sentence in 85CR354 to run concurrent with his sentence in 85CR372. Our Supreme Court affirmed Parrott's conviction and sentence in 85CR372 on July 17, 1987. *State v. Parrott*, No. 59,882, unpublished opinion filed July 17, 1987.

On August 13, 1993, the Kansas Department of Corrections (KDOC) found that Parrott was ineligible to have his sentence in 85CR372 converted to a Kansas Sentencing Guidelines Act (KSGA) sentence because his aggravated robbery conviction was a presumptive imprisonment severity level 3 offense under the KSGA. On September 7, 1993, Parrott filed a pro se motion for an evidentiary hearing on the conversion of his sentence. In his motion, Parrott alleged that KDOC did not properly compile his criminal history and that conversion of his sentence was required to comply with the legislative intent of the KSGA. The district court denied Parrott's motion on October 4, 1993. Our Supreme Court affirmed the district court's ruling on December 9, 1994. *State v. Parrott*, No. 70,647, unpublished opinion filed December 9, 1994.

On September 12, 2014, Parrott filed a pro se motion to correct illegal sentence in 85CR372. Parrott argued that *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), required pre-1993 in-state person felony convictions to be reclassified as nonperson offenses. Parrott

2

concluded that *Murdock* caused his sentence to be illegal because it no longer conformed to a term or terms authorized under the KSGA.

The district court appointed an attorney to represent Parrott, and on December 2, 2014, in both 85CR354 and 85CR372, Parrott's attorney filed a motion to correct illegal sentence or to convert his sentence from an indeterminate to a determinate or grid sentence under the KSGA. The motion reasserted Parrott's argument that *Murdock* made his sentences illegal and the district court should reclassify his convictions as nonperson or unclassified offenses and resentence him under the KSGA.

On April 10, 2015, the district court filed a journal entry that summarily denied Parrott's motion. The district court ruled that Parrott's indeterminate sentences could not be converted to grid sentences because they were presumptive imprisonment sentences under the KSGA. The district court also ruled that *Murdock* did not provide a basis to convert Parrott's sentences. Parrott timely appealed the district court's decision.

On appeal, Parrott first claims the district court erroneously denied his motion to correct illegal sentence. Parrott argues that the district court should have converted his indeterminate sentences to KSGA sentences because the reasoning of *Murdock* requires all pre-1993 convictions to be classified as presumptive nonprison sentences making them eligible for conversion. Parrott notes that *Murdock* was overruled by *Keel*, 302 Kan. 560. However, he argues that *Keel* is not a final decision because a petition for certiorari has been filed with the United States Supreme Court.

The State responds that *Murdock* only applies to out-of-state pre-1993 convictions and does not apply to Parrott's in-state convictions. The State also argues that *Murdock* does not apply because it was overruled by *Keel*, which is a final decision because the United States Supreme Court denied certiorari.

3

When a district court summarily denies a motion to correct illegal sentence, an appellate court's review is de novo because it has the same access to the motion, records, and files as the district court. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013). A sentence is illegal when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

Parrott's motion to correct illegal sentence, purportedly based on *Murdock*, was actually a motion to convert his sentence from an indeterminate to a determinate or grid sentence under the KSGA. When the Kansas Legislature adopted the KSGA, it provided for the conversion of certain pre-KSGA indeterminate sentences to determinate or grid sentences. K.S.A. 1993 Supp. 21-4724. Specifically, K.S.A. 1993 Supp. 21-4724(b)(1) provided that defendants who committed crimes prior to July 1, 1993, shall have their indeterminate sentences converted to a KSGA sentence if their convictions would have fallen in a presumptive nonimprisonment grid box or a border box under the sentencing guidelines. K.S.A. 1993 Supp. 21-4724(c) required KDOC to determine whether a defendant was eligible for sentence conversion by July 1, 1993. If a defendant was not eligible for sentence conversion on July 1, 1993, future events cannot make the defendant eligible for conversion except for a reversal or new sentence imposed as the result of an appeal. *State v. Lunsford*, 257 Kan. 508, 511, 894 P.2d 200 (1995).

Parrott's indeterminate sentences were not converted on July 1, 1993, because his convictions would have fallen into a presumptive imprisonment grid box under the KSGA. Further, he has not received a reversal of his convictions or new sentence as a result of an appeal. Under K.S.A. 1993 Supp. 21-4724, Parrott is not entitled to have his indeterminate sentences converted to determinate or grid sentences under the KSGA.

4

Parrott argues that the holding in *Murdock* somehow required the district court to reclassify his convictions as nonperson felonies under the KSGA, thereby making his sentences eligible for conversion. However, the Kansas Supreme Court recently rejected an argument identical to the one being made by Parrott in *State v. Jeffries*, 304 Kan. 748, Syl. ¶¶ 1-3,___ P.3d ___ (No. 113,116, filed July 1, 2016). In *Jeffries*, the defendant was convicted in 1987 of felony murder and multiple counts of aggravated robbery, receiving a controlling prison term of life without possibility of parole for 30 years. In 2014, the defendant filed a motion to correct illegal sentence based on *Murdock*, which the district court denied. On appeal, our Supreme Court found that "*Murdock* is neither controlling nor analogous" to the defendant's argument that he was entitled to a sentence conversion. Slip op. at 2. Because the defendant's convictions would have fallen into a presumptive imprisonment grid box under the KSGA, the court concluded that his indeterminate sentence was ineligible for conversion to a guidelines sentence. Slip op. at 7.

As our Supreme Court stated in *Jeffries*, *Murdock* is not applicable to sentence conversion. The holding in *Murdock* only requires that pre-1993 out-of-state convictions be classified as nonperson felonies when calculating a defendant's criminal history score. *Murdock*, 299 Kan. at 319. Sentence conversion is controlled by K.S.A. 21-4724. Parrott was not eligible for sentence conversion on July 1, 1993, because his convictions would have resulted in presumptive imprisonment sentences under the KSGA.

Moreover, our Supreme Court overruled *Murdock* in *Keel*, 302 Kan. at 589. *Keel* held that the classification of pre-KSGA convictions as person or nonperson offenses for criminal history purposes is based on the classification of the comparable Kansas offense at the time of the defendant's current crime of conviction. 302 Kan. at 590. Parrott argues that the mandate in *Keel* is stayed because a petition for certiorari to the United States Supreme Court is pending. However, the petition for certiorari has been denied. *Keel v. Kansas*, 136 S. Ct. 865 (2016). *Keel* is final, and *Murdock* is no longer good law. Because

5

there was no basis to convert Parrott's sentence to a grid sentence, the district court did not err when it denied Parrott's motion to correct illegal sentence.

Next, Parrott claims the district court erred by failing to have him present at the hearing on his motion to correct illegal sentence. Parrott recognizes that the district court had the authority to summarily deny his motion without a hearing. However, he argues that the district court held a hearing on his motion and violated his statutory rights when it failed to have him present for the hearing. The State responds that Parrott's right to be present was not violated because the district court summarily denied his motion and did not hold a hearing.

When a defendant files a motion to correct illegal sentence, the district court shall conduct an initial examination to determine if the motion raises substantial issues of law or fact. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). If the district court determines based on the motion, files, and records of the case that the defendant is not entitled to relief, the motion may be summarily denied without a hearing or appointment of counsel. 301 Kan. at 551. However, if the district court determines that a hearing is necessary, the defendant has a right to be present at the hearing and have assistance of counsel. K.S.A. 22-3504(1).

Parrott's claim that the district court held a hearing on his motion is incorrect. Instead, the record is clear that the district court summarily denied the motion without a hearing. The order denying Parrott's motion to correct illegal sentence stated that the motion "[came] before the court for consideration" on April 10, 2015. The order specifically stated:  "This court summarily denies defendant's motion without a hearing for the following reasons." The record on appeal does not contain a transcript of any hearing on Parrott's motion.

6

Our Supreme Court has made it clear that a hearing is not required on a motion to correct illegal sentence when the motion, files, and records of the case show that the defendant is not entitled to relief. *Moncla*, 301 Kan. at 551. Here, the district court summarily denied Parrott's motion without a hearing. Because the district court did not hold a hearing on Parrott's motion, it follows that the district court did not violate Parrott's right to be present at the hearing.

Affirmed.