NOT DESIGNATED FOR PUBLICATION

No. 117,971

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN W. NANCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 15, 2018. Affirmed.

*Sam S. Kepfield,* of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER, JJ.

LEBEN, J.: Steven Nance appeals the district court's denial of his motion to correct an illegal sentence. He was convicted of five counts of indecent liberties with a child that took place in March 1993, before the July 1, 1993 effective date of the Kansas Sentencing Guidelines Act. Because of that, Nance was sentenced under the previous Kansas sentencing laws under which many sentences were of indeterminate length. The district court sentenced Nance in 1993 to serve a term of 5 to 20 years for each offense— and the court made those sentences consecutive to one another.

When the Legislature enacted the Sentencing Guidelines Act, it provided that some offenders' sentences calculated under the previous law might be converted to a

guidelines sentence. See K.S.A. 21-4724 (Furse 1995). The conversion process would not be used if it would result in a longer sentence, K.S.A. 21-4724(f) (Furse 1995), and only certain offenders would qualify for conversion at all. K.S.A. 21-4724(b)(1) (Furse 1995).

To determine whether conversion could occur, the first step was to determine how the defendant's crimes would be classified under the Sentencing Guidelines Act. For nondrug offenses, it placed the crimes into severity levels (with level 1 the most serious and level 10 the least serious) and the defendant's criminal history into categories (with A the most serious and I the least serious). A person's presumptive sentence would be found on a grid formed by the severity level of the crime and the criminal-history category. See K.S.A. 21-4704 (Furse 1995).

Although Nance committed his crimes before July 1, 1993, he was sentenced after that date. That meant that the sentencing judge was required to sentence him under the law that applied at the time of his offense while also calculating a guideline sentence to see whether the defendant might qualify for conversion to a lesser, guidelines sentence. See K.S.A. 21-4724(f) (Furse 1995); *State v. Fierro*, 257 Kan. 639, Syl. ¶ 4, 895 P.2d 186 (1995). Eligibility depends on a comparison of the defendant's criminal acts to the guidelines sentence that would have applied as of July 1, 1993. *State v. Lee*, 306 Kan. 624, Syl., 395 P.3d 418 (2017).

Nance argues in his motion to correct illegal sentence that he should have been eligible for conversion to a guidelines sentence. In support of that claim, he makes several arguments that the sentencing judge in his case erred in determining Nance's criminal-history score. But even if that were true, Nance would not be eligible for conversion to a guideline sentence. That's because the offenses he committed were classified, under the guidelines, as a severity-level 3 offense—and defendants committing such a serious offense weren't eligible for conversion to a guideline sentence, no matter their criminal-history score. See K.S.A. 21-4724(b)(1) (Furse 1995).

2

Nance was convicted of five acts of indecent liberties against a child. His three victims—M.T., R.R., and C.Z.—were young girls. M.T. and R.R. were both 7-year-old second-graders. C.Z. was 9 and in the fourth grade.

The ages of the victims are important because they determine how the crimes would have been classified under the Sentencing Guidelines Act. For victims under the age of 14, had these crimes been committed after July 1, 1993, they would have been renamed aggravated indecent liberties with a child—aggravated because the children involved were under age 14. See K.S.A. 21-3504(a)(3) (Furse 1995). And with victims under age 14, that crime was categorized as a severity-level 3 felony under the guidelines. K.S.A. 21-3504(c) (Furse 1995).

That's critical because conversion sentences weren't available to a defendant whose nondrug offense was severity-level 4 or greater. See K.S.A. 21-4724(b)(1) (Furse 1995). So in a case in which the defendant—like Nance—had committed a crime that would be categorized as a severity-level 3 offense under the guidelines, the Kansas Supreme Court said that "the defendant [was] ineligible for sentencing guidelines conversion" for that reason. *State v. Lunsford*, 257 Kan. 508, 511, 894 P.2d 200 (1995); see also *State v. Jeffries*, 304 Kan. 748, 752-53, 375 P.3d 316 (2016) (noting that defendant whose crime would be categorized as a severity-level 3 offense under the guidelines would not qualify for sentence conversion).

This is not the first time Nance has raised this issue, and both our court and the Kansas Supreme Court have noted that Nance's sentences are not eligible for conversion to a guidelines sentence. In 2002, we wrote:

> "This record shows one of the victims was nine years old and the other seven
> years old. As such, petitioner was properly classified as a level 3 offender for conversion

3

purposes. Furthermore, petitioner does not challenge the fact that he was given a criminal history score of A, which, even if he was classified as a level 5 offender, would preclude conversion of his indeterminate sentence." *State v. Nance*, No. 87,136, Kan. App. unpublished opinion filed April 5, 2002, slip op. at 3.

While Nance does now challenge whether his criminal-history score should have been category A, that has no effect on whether his sentence can be converted to a guidelines sentence if at least one of his offenses was a severity-level 3 offense. That alone makes conversion unavailable. K.S.A. 21-4724(b)(1) (Furse 1995); *Lunsford*, 257 Kan. at 511. Similarly, the Kansas Supreme Court, in its 2015 summary denial of a sentencing appeal from Nance, said that he wasn't eligible for sentence conversion:

> "Appellant's pre-1993 convictions are not eligible for conversion pursuant to the Kansas Sentencing Guidelines Act. See K.S.A. 21-4724(b)(1) (1995 Furse) (for crimes committed before July 1, 1993, sentences will only be converted if the offenses could be classified as presumptive nonimprisonment or as 5-H, 5-I, or 6-G on the nondrug sentencing grid); *State v. Lunsford*, 257 Kan. 508, 510[, 894 P.2d 200] (1995) ("If a defendant is ineligible for conversion on any crime being served, he or she is ineligible for retroactive application of the sentencing guidelines."). *State v. Nance*, No. 114,387 (Kan. order dated November 25, 2015) (unpublished opinion).

Because of the severity-level of his offenses, Nance isn't eligible for conversion to a guidelines sentence. Even if there was some error in his criminal-history category, that would not affect his sentences. So the district court properly denied his motion to correct an illegal sentence.

We affirm the district court's judgment.

4