IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,116

STATE OF KANSAS,
*Appellee*,

v.

KOHLER Z. JEFFRIES,
*Appellant*.

SYLLABUS BY THE COURT

1.

The provisions of the 1993 Kansas Sentencing Guidelines Act, which created a presumptive sentencing guidelines system, had no application to crimes committed prior to July 1, 1993, except as specifically and exclusively set forth in K.S.A. 21-4724 (Furse 1995).

2.

The provisions of K.S.A. 21-4724 (Furse 1995) were not ambiguous as to the time at which eligibility for the retroactive application of the Kansas Sentencing Guidelines Act was to be determined; a person's pre-July 1, 1993, criminal acts were compared to the law in effect on July 1, 1993, to determine conversion eligibility.

3.

A sentence imposed prior to July 1, 1993, is not eligible to be converted to a Kansas Sentencing Guidelines Act (KSGA) sentence, *i.e.*, is not eligible for the retroactive application of the KSGA, if the underlying conviction was for a crime which, if it had been committed on or after July 1, 1993, would have constituted a severity level 1, 2, 3, or 4 felony on the KSGA grid for nondrug crimes.

1

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed July 1, 2016. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: In 1987, prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA), Kohler Z. Jeffries pled no contest to felony murder and one count of aggravated robbery, pled guilty to three counts of aggravated robbery, and was convicted of felony murder and multiple counts of aggravated robbery, receiving a controlling prison term of life without possibility of parole for 30 years. This appeal is from the district court's summary denial of Jeffries' 2014 motion to correct an illegal sentence. That motion claimed that our decision in *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), mandates that Jeffries' sentence should be converted to a guidelines sentence under the 1993 version of the KSGA. Finding that *Murdock* is neither controlling nor analogous, we affirm the district court.

FACTUAL AND PROCEDURAL OVERVIEW

In 1986, Jeffries and Brian Bailey committed a series of armed robberies of gasoline stations and a liquor store. During one of the robberies, a clerk was shot and killed. Neither codefendant admitted to being the shooter, but they were both charged

2

with felony murder, in addition to the robberies. Jeffries ultimately pled guilty to three counts of aggravated robbery and pled nolo contendere to one count of aggravated robbery and first-degree felony murder. He received a life sentence for the murder and 15-to-life sentences for the robberies, some of which were to be served concurrently and some to be served consecutively. As a result, Jeffries would not be parole-eligible for 30 years.

The 1993 KSGA provided that it could be retroactively applied to some existing indeterminate sentences for less severe crimes, allowing those sentences to be converted to determinate guidelines sentences. With regard to that provision, the Kansas Department of Corrections (DOC) issued a "Notification of Findings" to Jeffries, which indicated that because at least one of his crimes was a severity level 3 (any of the aggravated robbery convictions), he was not eligible for retroactive application of the KSGA. K.S.A. 21-4724(c)(1) (Furse 1995) (KSGA not retroactively applied to sentences which, had they been committed on or after July 1, 1993, would constitute a severity level 1, 2, 3, or 4 nondrug crime). Jeffries did not appeal this finding. K.S.A. 21-4724(c)(4) (Furse 1995) (providing process to appeal eligibility for retroactive application of KSGA).

Many years later, prompted by this court's decision in *Murdock*, Jeffries filed a motion to correct an illegal sentence. The motion asserted that *Murdock* stands for the proposition that, because there were no severity level 3 felonies before the enactment of the KSGA, his prior aggravated robbery convictions could not be classified as severity level 3 felonies to deny the retroactive application of the KSGA.

The Johnson County District Court summarily denied the motion, finding that *Murdock* only applied to the classification of out-of-state convictions and Jeffries was challenging the classification of his in-state aggravated robbery conviction. Jeffries

3

appealed directly to this court. Jurisdiction is appropriate pursuant to K.S.A. 2015 Supp. 22-3601(b)(2); *State v. Pennington*, 288 Kan. 599, 599, 205 P.3d 741 (2009) (jurisdiction over appeal of motion to correct illegal sentence lies with court that had jurisdiction over original appeal).

RETROACTIVE APPLICATION OF KSGA

This is Jeffries' fourth attempt at attacking his sentence. See *Jeffries v. Kansas Prisoner Review Bd.*, No. 111,458, 2015 WL 2342777 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. ___ (October 7, 2015); *Jeffries v. Roberts*, No. 97,600, 2007 WL 2377303 (Kan. App.) (unpublished opinion), *rev. denied* 285 Kan. 1174 (2007); *Jeffries v. State*, No. 94,419, 2006 WL 2043031 (Kan. App.) (unpublished opinion), *rev. denied* 282 Kan. 790 (2006). This challenge is founded upon the 1993 KSGA provision addressing the applicability of that act to crimes committed prior to July 1, 1993, K.S.A. 21-4724 (Furse 1995), as interpreted in light of *Murdock*. But *Murdock* is not directly applicable, both because it specifically limited its holding to the classification of out-of-state convictions and because it has been overruled by *Keel*. Likewise, *Murdock* does not provide an analytical framework for Jeffries' argument because the retroactive application provision of K.S.A. 21-4724 (Furse 1995), does not contain the same ambiguity as addressed in *Murdock*.

*Standard of Review*

This court reviews de novo a district court's summary denial of a motion to correct an illegal sentence. *State v. Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013). Like the district court, this court must determine whether the defendant's motion, records, and files conclusively show defendant is not entitled to relief. *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 (2011). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law subject to de novo review. *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876

(2013). Likewise, statutory interpretation is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

*Analysis*

We take the liberty of beginning with the topical and textual obstacles to Jeffries' attempted use of the *Murdock* rationale to force a late conversion of his pre-KSGA indeterminate sentence under K.S.A. 21-4724 (Furse 1995). Both the issue presented and the statute interpreted in *Murdock* were too distinct from Jeffries' issue to make the *Murdock* decision persuasive, even if that holding had not been overruled in *Keel*.

*Murdock* involved an interpretation and application of K.S.A. 21-4711(e), which governed the criminal history classification of out-of-state prior convictions as being for either a person or nonperson crime. Murdock pled guilty to committing robberies in Kansas in 2008, and the sentencing court had to classify two prior Illinois robbery convictions—one in 1984 and one in 1990—as either person or nonperson felonies to calculate Murdock's criminal history score.

K.S.A. 21-4711(e)'s ambiguous directive was: "In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." *Murdock* pointed out that the statute did not indicate the timeframe for referring to comparable Kansas offenses. For instance, the statute did not clarify whether the sentencing court should refer to comparable Kansas offenses in effect at the time of the 1984 Illinois robbery, or the comparable offenses in effect at the time of the 2008 offenses being prosecuted. See 299 Kan. at 315-16. Based on the precedent from *State v. Williams*, 291 Kan. 554, Syl. ¶ 4, 244 P.3d 667 (2010), *Murdock* determined that the statute should be construed to make the comparison to the Kansas offense in effect at the

time the prior, out-of-state crime was committed. 299 Kan. at 317. Then, because Kansas had no designated person offenses when the Illinois robberies were committed, those prior robberies were scored as nonperson felonies. 299 Kan. at 319.

In this scenario, however, we are not faced with a statutory ambiguity. Jeffries was convicted of and sentenced for the crimes of first-degree murder and aggravated robbery prior to the enactment of the KSGA. He does not challenge the legality of his original sentence. Rather, he contends the later-enacted KSGA should have been retroactively applied to him to convert his indeterminate sentence to a guidelines sentence, suggesting that the failure to do so transformed his legal sentence into an illegal one.

But "[e]xtending retroactive conversion to some offenders by the 1993 legislature was an act of grace," and Jeffries was not automatically entitled to conversion. *State v. Roseborough*, 263 Kan. 378, 386, 951 P.2d 532 (1997). To the contrary, K.S.A. 21-4723 (Furse 1995) made it crystal clear that the retroactive application of the KSGA was the exception rather than the rule when it declared: "Except as provided in K.S.A. 21-4724, the provisions of this act creating a presumptive sentencing guidelines system have no application to crimes committed prior to July 1, 1993." Consequently, Jeffries was ineligible for conversion unless he could fit within the exception of K.S.A. 21-4724 (Furse 1995).

K.S.A. 21-4724(a) (Furse 1995) confirmed that it was the statute containing the provisions under which the KSGA sentencing grids "shall be applied for crimes committed before July 1, 1993." Subsection (b) generally provided that the modification of sentences imposed prior to July 1, 1993, was available for persons who would have been "classified in a presumptive nonimprisonment grid block on either sentencing grid . . . if sentenced pursuant to the [KSGA]." K.S.A. 21-4724(b) (Furse 1995). For the nondrug offense grid, the modifiable grid blocks listed were 5-H, 5-I, or 6-G. K.S.A. 21-

6

4724(b)(1) (Furse 1995). In other words, only sentences for crimes that would have been classified as severity level 5 or 6 if the person had been sentenced under the KSGA were eligible for conversion. If Jeffries had been "sentenced pursuant to the [KSGA]," the crime of aggravated robbery would have been classified as a severity level 3 offense. See K.S.A. 21-3427 (Furse 1995) ("Aggravated robbery is a severity level 3, person felony.").

Subsection (c)(1) corroborates Jeffries' ineligibility for conversion. While directing the DOC to prepare a sentencing guidelines report on imprisoned inmates with pre-July 1, 1993, sentences, the provision specifically excepts reporting for "those who have convictions for crimes which, if committed on or after July 1, 1993, would constitute a severity level 1, 2, 3 or 4 felony on the sentencing guidelines grid for nondrug crimes." K.S.A. 21-4724(c)(1) (Furse 1995). The obvious reason for relieving DOC of the responsibility to report on those more severe crimes is that they are never eligible for conversion. And again, there is no temporal ambiguity. The statute clearly directs that a person's pre-July 1, 1993, criminal acts are compared to the law in effect on July 1, 1993, to determine conversion eligibility.

Even *Murdock* acknowledged that the issue presented here is not analogous to the one it decided, because K.S.A. 21-4724 is not ambiguous. In dictum, *Murdock* specifically cited to the language of K.S.A. 21-4724(c)(1)—"'as if the [prior] crime[s] were committed on or after July 1, 1993'"—as a means by which the legislature could resolve the ambiguities *Murdock* found to exist in K.S.A. 21-4711(e). 299 Kan. at 319.

In short, Jeffries' 1987 indeterminate sentence for felony murder and multiple counts of aggravated robbery was ineligible for conversion to a guidelines sentence under the provisions of K.S.A. 21-4724 (Furse 1995) on July 1, 1993; his sentence remains ineligible for retroactive application of the KSGA today; and, therefore, Jeffries' 1987 sentence is not illegal. The district court reached the correct result. See *State v. Overman*,

7

301 Kan. 704, 712, 348 P.3d 516 (2015) (district court's correct result will be upheld on appeal).

Affirmed.