NOT DESIGNATED FOR PUBLICATION

No. 114,301

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAINT JOHN TYLER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 9, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*:  Saint John Tyler appeals the summary denial of his motion to correct an illegal sentence. Finding no error, we affirm.


In 1989, a jury convicted Tyler of sale of cocaine, second-degree murder, aggravated assault of a law enforcement officer, possession of heroin with the intent to sell, possession of cocaine with the intent to sell, and perjury. He was sentenced to 111-to-330 years' imprisonment, and the Kansas Supreme Court affirmed both his conviction and sentence on direct appeal.

1

On July 1, 1993, the Kansas Sentencing Guidelines Act (KSGA), which categorized crimes based on their severity level and as person or nonperson crimes, took effect. Tyler moved for an evidentiary hearing regarding conversion of his sentence to the sentencing guidelines in August 1993. The district court denied Tyler's motion and he did not appeal.

In 2009, Tyler filed a motion to correct an illegal sentence arguing the Habitual Criminal Act, K.S.A. 1987 Supp. 21-4504 did not apply and his sentence was improperly tripled. The district court denied his motion, and a panel of this court affirmed.

On June 16, 2014, following the Kansas Supreme Court's decision in *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), Tyler filed a pro se motion to correct an illegal sentence arguing *Murdock* applied and he should be resentenced. He received a notice of hearing on his motion to correct an illegal sentence.

On January 1, 2015, Tyler, represented by the public defender's office, filed a motion to correct an illegal sentence or to convert his sentence to the grid. On April 10, 2015, the district court summarily denied his motion without conducting a hearing. Tyler timely appealed.

*Does* Murdock *require conversion of pre-1993 convictions to the sentencing guidelines?*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). When a district court summarily denies a motion to correct an illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016). Similarly, statutory

2

interpretation is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

On appeal, Tyler argues the district court erred when it summarily denied his motion to correct an illegal sentence and also erred because he was entitled to be at the hearing.

We begin by noting that Tyler not only misreads the holding in *Murdock*, but also that *Murdock* has been overruled by *Keel*. Tyler urges us to apply *Murdock* because, at the time he filed his brief, *Keel's* petition for certiorari was pending to the United States Supreme Court. However, certiorari has been denied, and *Keel* is now final.

Additionally, the Kansas Supreme Court recently addressed the applicability of *Murdock* to the retroactivity of the KSGA in *State v. Jeffries*, 304 Kan. 748, 375 P.3d 316 (2016). Like Tyler, Jeffries did not argue his sentence was illegal when it was pronounced. Instead, like Tyler, Jeffries argued the failure to convert his sentence to a KSGA sentence retroactively resulted in an illegal sentence.

In *Jeffries*, the defendant pleaded guilty to three counts of aggravated robbery and pleaded no contest to one count of aggravated robbery and first-degree felony murder in 1986. He received a life sentence for the murder, sentences of 15 years-to-life for the robberies, and was ineligible for parole for 30 years. Based on the Supreme Court's decision in *Murdock*, Jeffries filed a motion to correct an illegal sentence asserting that "because there were no severity level 3 felonies before the enactment of the KSGA, his prior aggravated robbery convictions could not be classified as severity level 3 felonies to deny the retroactive application of the KSGA." 304 Kan. at 749-50.

The Supreme Court found *Murdock* was not applicable because it had been overruled by *Keel* and found *Murdock* "does not provide an analytical framework for

3

Jeffries' argument because the retroactive application provision of K.S.A. 21-4724 (Furse 1995) does not contain the same ambiguity as addressed in *Murdock*." *Jeffries*, 304 Kan. at 750.

> "To the contrary, K.S.A. 21-4723 (Furse 1995) made it crystal clear that the retroactive application of the KSGA was the exception rather than the rule when it declared: 'Except as provided in K.S.A. 21-4724, the provisions of this act creating a presumptive sentencing guidelines system have no application to crimes committed prior to July 1, 1993.' . . . .
>
> "K.S.A. 21-4724(a) (Furse 1995) confirmed that it was the statute containing the provisions under which the KSGA sentencing grids 'shall be applied for crimes committed before July 1, 1993.' Subsection (b) generally provided that the modification of sentences imposed prior to July 1, 1993, was available for persons who would have been 'classified in a presumptive nonimprisonment grid block on either sentencing grid . . . if sentenced pursuant to the [KSGA].' K.S.A. 21-4724(b) (Furse 1995). " *Jeffries*, 304 Kan. at 752.

On July 1, 1993, second-degree murder was a considered either a severity level 1 or severity level 2 felony. K.S.A 21-3402 (Furse 1995). Pursuant to K.S.A. 21-4724(b) (Furse 1995), even without any prior criminal history, this conviction was not eligible for conversion.

Aggravated assault of a law enforcement officer was a considered a severity level 6 person felony. K.S.A. 21-3411 (Furse 1995). Sale of cocaine, possession of cocaine with intent to sell, and possession of heroin with intent to sell were all considered severity level 3 drug crimes. K.S.A. 1993 Supp. 65-4127a. Perjury was considered either a severity level 7 or severity level 9 nonperson felony. K.S.A. 21-3805 (Furse 1995). Depending on Tyler's criminal history, these convictions may have been otherwise eligible for conversion.

But Tyler also has two prior convictions for violations of the Mann Act, 18 U.S.C. § 2421. Based on Tyler's prior convictions, all of Tyler's current convictions would have been classified as presumptive imprisonment; he is not entitled to conversion of his sentence to the KSGA. The district court did not err when it denied Tyler's motion to correct an illegal sentence.

*Did the district court err when it failed to have Tyler present for a hearing on his motion?*

Tyler also argues the district court erred when it held a hearing on his motion for illegal sentence without his presence. After filing his June 16, 2014, motion to correct an illegal sentence, Tyler received a notice of hearing indicating his pro se motion would be heard on June 27, 2014. However, the journal entry denying Tyler's motion to correct an illegal sentence indicates the motion was denied without a hearing.

"For more than 20 years we have instructed district courts considering a motion to correct an illegal sentence to conduct an initial examination of the motion. See *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 (2011) (citing *State v. Duke*, 263 Kan. 193, 194-96, 946 P.2d 1375 [1997], 132 S. Ct. 1097 [2012]; *State v. Nunn*, 247 Kan. 576, 584-85, 802 P.2d 547 [1990]). Based on the district court's initial examination, it then 'may dismiss a motion to correct an illegal sentence "'without a hearing or appointment of counsel if . . . the motion, files, and records of the case conclusively show the defendant is not entitled to relief.'" [Citations omitted.]' *Jones*, 292 Kan. at 913." *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013).

The motions, files, and records of the case conclusively show Tyler was not entitled to relief. Tyler was not entitled to a hearing and the district court did not err when it summarily denied his motion to correct an illegal sentence without his presence at a hearing.

Affirmed.

5