NOT DESIGNATED FOR PUBLICATION

No. 111,523

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STANLEY YOST,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed November 23, 2016. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and LEBEN, JJ.

LEBEN, J.: Stanley Yost pled guilty to and was convicted of indecent liberties and aggravated indecent liberties with a child in 2002. In compliance with the law at the time, he was ordered to register as a sex offender for 10 years. See K.S.A. 2002 Supp. 22-4906(a)(1); K.S.A. 2002 Supp. 22-4902(c)(2)-(3). But in 2011, the legislature amended the Kansas Offender Registration Act (KORA) to require lifetime registration for certain offenses, including aggravated indecent liberties with a child. See L. 2011, ch. 95, sec. 6; K.S.A. 2015 Supp. 22-4906(d). The Kansas Bureau of Investigation informed Yost that he would have to register for life.

In 2013, Yost filed a motion to correct an illegal sentence under K.S.A. 22-3504, contending that applying the 2011 KORA amendments to his 2002 case made his sentence illegal. His main argument was that applying the amendments to his case violated the Ex Post Facto Clause of the United States Constitution, which prohibits states from increasing the punishment for crimes already committed. See *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990). The district court denied Yost's motion, concluding that it lacked jurisdiction to consider his claims because none of Yost's arguments fell within the scope of an illegal sentence. Yost then appealed to our court.

On appeal, Yost argues that the 2011 KORA amendments and other KORA provisions were unconstitutional. But a defendant may not generally raise constitutional claims in a motion to correct an illegal sentence because such claims do not fit within the narrow definition of an illegal sentence: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of punishment; or (3) a sentence that is ambiguous with respect to the time or manner in which it is to be served. *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016). Because none of Yost's claims fall within the definition of an illegal sentence, the district court properly concluded it lacked jurisdiction to consider them.

To understand why we don't have jurisdiction to consider Yost's claims, let's first place his motion to correct an illegal sentence in context. Generally, a district court does not have jurisdiction to modify a sentence once it has pronounced the sentence and entered judgment. See *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016). But under K.S.A. 22-3504(1), courts have jurisdiction to correct an illegal sentence at any time. Even so, relief under K.S.A. 22-3504 is available only if a sentence is illegal, and the Kansas Supreme Court has narrowly defined "illegal sentence" as: (1) a sentence

imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of punishment; or (3) a sentence that is ambiguous with respect to the time or manner in which it is to be served. *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013).

In this appeal, since the motion to correct an illegal sentence is provided for in a statute, the only question before us is one of statutory interpretation, a question that—along with questions about a court's jurisdiction—are questions of law, which we review independently, with no required deference to the district court's conclusions. *State v. Jeffries*, 304 Kan. 748, 751, 375 P.3d 316 (2016); *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014).

Yost made essentially three claims in his motion to correct an illegal sentence and on appeal: (1) retroactively applying the 2011 amendments violated the separation-of-powers doctrine; (2) the 2011 amendments were not intended to apply retroactively based on the statutory language; and (3) the retroactive application of the amendments and other provisions of KORA was unconstitutional. None of these claims fall within the narrow definition of an illegal sentence. As a general rule, a defendant cannot raise constitutional claims in a motion to correct an illegal sentence. *Warrior*, 303 Kan. at 1009-10; *State v. Moncla*, 301 Kan. 549, 551, 553-54, 343 P.3d 1161 (2015); *State v. Mitchell*, 284 Kan. 374, 376-77, 162 P.3d 18 (2007) (rejecting defendant's claims that his sentences were illegal for violating double jeopardy, equal protection, and the Eighth Amendment). While a defendant may challenge his or her criminal-history score based on a constitutional claim, that exception is not applicable here. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

A motion to correct illegal sentence under K.S.A. 22-3504 simply was not an available method to bring these claims. *Cf. Doe v. Thompson*, 304 Kan. 291, 292, 373 P.3d 750 (2016) (ruling on declaratory-judgment request seeking determination of

3

retroactive application of Kansas Offender Registration Act amendments), *overruled on other grounds by State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016). The district court correctly concluded that it did not have jurisdiction under K.S.A. 22-3504 to consider Yost's motion. See *Mitchell*, 284 Kan. at 377 (district court had no jurisdiction to address defendant's constitutional claims under K.S.A. 22-3504); *State v. Dillon*, No. 111,530, 2015 WL 1882161, at *4 (Kan. App. 2015) (unpublished opinion) (district court had no jurisdiction to address defendant's ex post facto argument under K.S.A. 22-3504), *rev. denied* 303 Kan. 1080 (2016).

We therefore affirm the district court's judgment.