IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,493

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER J. ALLISON,
*Appellant*.

SYLLABUS BY THE COURT

A sentence that conforms to the applicable statutory provision in both character and term of authorized punishment is not illegal.

Appeal from Cowley District Court; JOHN E. SANDERS, judge. Opinion filed April 7, 2017. Affirmed.

*David R. Maslen*, of Mason, Velasquez & Maslen, P.A., of Arkansas City, was on the brief for appellant.

*Christopher E. Smith*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Christopher J. Allison appeals the district court judge's denial of his motion to correct what he argues is his illegal hard 40 life sentence.

1

In 1993, a jury convicted Allison of first-degree premeditated murder, conspiracy to commit first-degree murder, and terroristic threat. During the sentencing portion of the trial, the jury found that the evidence established the aggravating circumstance that Allison had committed the first-degree murder in order to avoid or prevent a lawful arrest or prosecution. The jury also found that the aggravating circumstance outweighed the mitigating circumstances. Based on the findings, the jury unanimously determined that a life sentence without the possibility of parole for 40 years should be imposed by the court. The life sentence was to be consecutive to a term of 22 to 85 years, the aggregate sentence for Allison's other jury convictions and convictions following pleas.

We affirmed Allison's convictions and sentence on direct appeal on January 26, 1996, in *State v. Allison*, 259 Kan. 25, 910 P.2d 817 (1996). Allison raised four issues:

> "(1) the district court erred in instructing the jury concerning the testimony of a witness who receives benefits from the State; (2) the State's service of notice of intent to seek the hard-40 sentence under K.S.A. 1992 Supp. 21-4624(1) was not proper; (3) the district court erred in admitting as rebuttal, the testimony of the attorney who represented an accomplice in plea bargain negotiations; and (4) [Allison] did not receive a fair trial because of cumulative error." 259 Kan. at 26.

Each of these arguments was rejected. 259 Kan. at 26.

In September 2014, Allison filed a pro se motion to correct illegal sentence. In the motion, he argued the district judge did not follow the procedures of K.S.A. 1993 Supp. 21-4724(f) to sentence him for his pre-July 1, 1993 crimes; the sentences for which he had been on parole at the time of his convictions in this case were eligible for conversion to the Kansas Sentencing Guidelines Act under K.S.A. 1993 Supp. 21-4724(b)(2); his hard 40 sentence did not conform to the statutory provisions of K.S.A. 1993 Supp. 21-4624(5); his hard 40 sentence did not conform to the statutory provisions of K.S.A. 1993

Supp. 21-4624(2) and (4); and, finally, his sentence did not conform to the requirements of K.S.A. 1993 Supp. 21-4624(5).

In November 2014, the district court appointed counsel for Allison. The next month, after a hearing, Senior Judge John E. Sanders filed a journal entry stating that the parties had agreed that there were no evidentiary issues and that resolution of Allison's motion involved purely legal questions. Judge Sanders ordered Allison's counsel to file an amended motion and brief.

On January 20, 2015, Allison's counsel filed an amended motion and accompanying brief. Counsel argued that Allison's sentence was illegal because the sentencing verdict form required the jury to either unanimously agree to impose the hard 40 sentence or unanimously agree to impose a life sentence without the possibility of parole for 15 years.

On January 28, 2015, Allison's counsel filed a second amended motion and accompanying brief. The motion reiterated the issue raised in the first amended brief and added a new issue. Counsel argued that Allison's sentence was illegal because the instructions that had been provided to the jury did not clearly specify the standard of proof for finding mitigating circumstances. On January 30, 2015, Judge Sanders issued an order allowing the defendant to file the second amended motion.

On March 18, 2015, the State filed its response to the motion. In the brief, the State argued that a motion to correct illegal sentence was not the proper vehicle for Allison to raise his issues because they were trial errors. In addition, the State argued that even if a motion to correct illegal sentence was the proper vehicle for Allison's challenges, he failed to establish that he was entitled to relief.

3

On April 27, 2015, Judge Sanders denied Allison's motion in a Journal Entry and Order. In the order, Judge Sanders found that the issues involved were exclusively matters of law and that there were no facts in dispute. He then noted that "Allison is attempting to bootstrap a simple trial error (the giving of a wrong jury instruction) into an illegal sentencing issue so as [to] avoid the problem caused by not raising the matter in his direct appeal." Using our decision in *State v. Moncla*, 301 Kan. 549, 343 P.3d 1161 (2015), as a guide, Judge Sanders concluded that Allison's sentence was not illegal.

> "In our case, the jury unanimously found that Allison committed murder to prevent or avoid a lawful arrest or prosecution and recommended the hard 40. The trial court sentenced the defendant according to statute. The Court finds no error. The sentence was not ambiguous and the Court had jurisdiction."

Moreover, Judge Sanders concluded that even if there were error, it was harmless. "[T]he evidence of guilt was overwhelming . . . . Mitigating circumstances were practically non-existent. The possibility of a different verdict is infinitesimal."

Allison now appeals Judge Sanders' denial of his motion.

We apply a de novo standard of review to a district court's summary denial of a motion to correct an illegal sentence. *State v. Jeffries*, 304 Kan. 748, 750, 375 P.3d 316 (2016). To affirm a denial of such a motion, we must determine that "the defendant's motion, records, and files conclusively show defendant is not entitled to relief." 304 Kan. at 750-51.

Under K.S.A. 22-3504(1), an "illegal" sentence is

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of

4

authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' *State v. Trotter,* 296 Kan. 898, 902, 295 P.3d 1039 (2013)." *State v. Dickey,* 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

We have "'repeatedly held that K.S.A. 22-3504(1) has very limited applicability.'" *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013).

Despite the fact Judge Sanders denied Allison's motion because the issues raised were not correctable under a motion to correct an illegal sentence, Allison's appellate counsel devotes scant space to the subject in the appellate brief. Citing *State v. Neal*, 292 Kan. 625, 258 P.3d 365 (2011), and *State v. Gilbert*, 299 Kan. 797, 326 P.3d 1060 (2014), the crux of counsel's argument is that, because Allison is not challenging his underlying convictions, a motion to correct illegal sentence under K.S.A. 22-3504(1) is a proper vehicle for advancing his claims. This argument reflects an overbroad understanding of the issues subject to challenge under K.S.A. 22-3504(1).

*Gilbert* is of little help to Allison, as it simply stands for the proposition that a defendant cannot challenge his or her underlying conviction through a motion to correct illegal sentence. See 299 Kan. at 801.

*Neal* is similarly unhelpful. In *Neal* we reached the merits of a motion to correct illegal sentence that both the district court and Court of Appeals had declined to address. The defendant in that case argued that his sentencing court had erred in calculating his criminal history score. In determining if this alleged error could be challenged under K.S.A. 22-3504(1), we observed "that the sentencing guidelines for criminal defendants are generally based upon two factors:  the crime severity ranking of the current crime of conviction and the criminal history classification of the defendant." 292 Kan. at 630-31. We held that a challenge to the criminal history score is necessarily a challenge to the

sentence the history helped produce. "If the history score is incorrect, it follows that [the] resulting sentence cannot conform [to] the statutory provision in the term of the punishment authorized . . . ." 292 Kan. at 631.

In *Moncla*, the case that Judge Sanders relied on, the defendant challenged the sufficiency of the evidence supporting the sentencing judge's determination that the underlying murder had been committed in an especially heinous, atrocious, or cruel manner. We noted:

> "The only one of the three types of illegal sentence that a hard 40 unsupported by sufficient evidence of an aggravator may be able to satisfy is the second:  It is possible that it could be described as 'a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment.'" 301 Kan. at 553.

We then turned to the applicable statute and determined that the sentencing judge's explicit finding of an aggravating factor satisfied the statute's requirement that aggravating circumstances were not outweighed by any mitigating circumstances. 301 Kan. at 553.

Rather than challenging the evidence supporting the jury's finding of an aggravating circumstance, Allison challenges the instructions and verdict form used by the jury in imposing his sentence. He argues that it was error for the verdict form to require that the jury either unanimously agree that the hard 40 should be imposed or unanimously agree to impose the baseline life sentence. Although Judge Sanders did not address the issue explicitly, Allison also argues that the jury's instructions on the standard of proof for finding mitigating circumstances were not clear.

6

K.S.A. 1992 Supp. 21-4624(5), the applicable sentencing provision for Allison, provides:

> "If, by unanimous vote, the jury finds beyond a reasonable doubt that one or more of the aggravating circumstances enumerated in K.S.A. 1992 Supp. 26-4625 and amendments thereto exist and, further, that the existence of such aggravating circumstances is not outweighed by any mitigating circumstances which are found to exist, the defendant shall be sentenced pursuant to K.S.A. 1992 Supp. 21-4628 and amendments thereto; otherwise, the defendant shall be sentenced as provided by law. The jury, if its verdict is a unanimous recommendation of a sentence of a mandatory term of imprisonment of 40 years, shall designate in writing, signed by the foreman of the jury, the statutory aggravating circumstances which it found beyond a reasonable doubt. If, after a reasonable time for deliberation, the jury is unable to reach a verdict, the judge shall dismiss the jury and impose a sentence of imprisonment for life with eligibility for parole and shall commit the defendant to the custody of the secretary of corrections."

Among the aggravating factors in K.S.A. 1992 Supp. 21-4625 is: "(5) The defendant committed the crime in order to avoid or prevent a lawful arrest or prosecution." K.S.A. 1992 Supp. 21-4628 provides:

> "When it is provided by law that a person shall be sentenced pursuant to this section, such person shall be sentenced to imprisonment for life and shall not be eligible for probation or suspension, modification or reduction of sentence. In addition, a person sentenced pursuant to this section shall not be eligible for parole prior to serving 40 years' imprisonment, and such 40 years' imprisonment shall not be reduced by the application of good time credits. Upon sentencing a defendant pursuant to this section, the court shall commit the defendant to the custody of the secretary of corrections and the court shall state in the sentencing order of the judgment form or journal entry, whichever is delivered with the defendant to the correctional institution, that the defendant has been sentenced pursuant to K.S.A. 1992 Supp. 21-4628 and amendments thereto."

For Allison's hard 40 sentence to have been authorized under K.S.A. 1992 Supp. 21-4624(5), the jury had to determine unanimously that a statutorily authorized aggravating circumstance was not outweighed by any mitigating circumstances, and, if such a determination was made, the foreman had to designate in writing which statutory factor was found.

To the extent the issues Allison raises can be challenged under K.S.A. 22-3504(1), the prerequisites to authorize his sentence were met. The jury unanimously found that an "aggravating circumstance has been established by the evidence and does outweigh mitigating circumstances found to exist." The foreman designated in writing that "the defendant committed the crime in order to avoid or prevent a lawful arrest or prosecution," a statutory aggravating factor under K.S.A. 1992 Supp. 21-4625.

Allison's sentence conforms to the applicable statutory provision in both character and term of authorized punishment. See *Dickey*, 301 Kan. at 1034. It was imposed by a court with jurisdiction and was not ambiguous with respect to time or manner in which it is to be served. 301 Kan. at 1034. Allison's sentence is not illegal.

Affirmed.