IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,336

STATE OF KANSAS,
*Appellee*,

v.

UNDRA LEE,
*Appellant.*

SYLLABUS BY THE COURT

K.S.A. 21-4724 was clear as to the time at which eligibility for the retroactive application of the Kansas Sentencing Guidelines Act was to be determined—a person's pre-July 1, 1993, criminal acts were compared to the law in effect on July 1, 1993, to determine conversion eligibility.

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 9, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, and *Sean M.A. Hatfield*, of the same firm, were on the brief for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  Under the Kansas Sentencing Guidelines Act (KSGA), certain offenders who committed crimes before KSGA's effective date are eligible to have their sentences

1

converted to the sentences they would have received under KSGA. Undra D. Lee was convicted and sentenced under pre-KSGA law for first-degree murder, aggravated kidnapping, kidnapping, and aggravated assault. In this appeal, Lee argues the district court erred by summarily denying his motions to correct an illegal sentence through which he sought to have his sentences converted to KSGA grid sentences. He advances two justifications for this relief.

First, he argues conversion must occur because the KSGA grid-box designations, upon which conversion eligibility turned, did not exist in Kansas law until the KSGA was enacted. Therefore he argues that his pre-KSGA crimes must be considered conversion-eligible under *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014) (regarding person/nonperson classification of prior out-of-state offenses for purposes of calculating criminal history score), *overruled State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Second, he argues the district court's summary denial deprived him of his statutory right to a hearing under K.S.A. 22-3504.

Lee is not entitled to have his sentences converted because *Murdock* has been overruled, and its rationale is nonetheless inapplicable to sentence-conversion claims. See *State v. Jeffries*, 304 Kan. 748, 751-52, 375 P.3d 316 (2016) (noting *Murdock* involved an interpretation of K.S.A. 21-4711[e]'s ambiguity language, whereas the *Jeffries* court applied K.S.A. 21-4723 [Furse 1995], which was "crystal clear" about the KSGA's retroactive application eligibility). Moreover, because the record conclusively demonstrates Lee is not entitled to relief on his motions, the district court did not err by summarily denying them.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Lee of four January 1993 crimes: first-degree murder, aggravated kidnapping, kidnapping, and aggravated assault. He was sentenced for these crimes in 1995.

On July 1, 1993, the KSGA became effective. K.S.A. 1993 Supp. 21-4701 *et seq.* The KSGA's purpose was ""to standardize sentences so that similarly situated offenders would be treated the same, thus limiting the effects of racial and geographic bias."" *Keel*, 302 Kan. at 574. To this end, the KSGA established a grid under which the sentence for a felony conviction is determined by applying two controlling factors: "the severity level of the current crime of conviction and the offender's criminal history score." 302 Kan. at 574.

In conjunction with the KSGA, the legislature assigned severity levels to felony offenses. As of July 1, 1993, first-degree murder was designated an off-grid crime subject to life imprisonment rather than a grid sentence. K.S.A. 21-3401 (first-degree murder); K.S.A. 1993 Supp. 21-4706(c) (off-grid crimes). Aggravated kidnapping was designated a severity level 1 felony, kidnapping a severity level 3 felony, and aggravated assault a severity level 7 felony. K.S.A. 21-3421 (aggravated kidnapping); K.S.A. 21-3420 (kidnapping); K.S.A. 21-3410 (aggravated assault).

The KSGA permitted the Department of Corrections (DOC) in limited circumstances to retroactively convert the sentences of offenders, incarcerated on the KSGA's effective date for certain offenses, to KSGA guidelines sentences. See K.S.A. 21-4724. The statute provided that "persons who committed crimes which would be classified in a presumptive nonimprisonment grid block on [the nondrug] sentencing grid, in grid blocks 5-H, 5-I or 6-G of the nondrug grid . . . if sentenced pursuant to the

3

[KSGA] shall have their sentence modified." K.S.A. 21-4724(b)(1). The statute directed the DOC to prepare sentencing guidelines reports on all inmates incarcerated as of July 1, 1993, "except those who have convictions for crimes which . . . would constitute a severity level 1, 2, 3 or 4 felony on the sentencing guidelines grid." K.S.A. 21-4724(c)(1). But

> "[i]n the case of any person to whom the provisions of this section shall apply, who committed a crime prior to July 1, 1993, but was sentenced after July 1, 1993, the sentencing court shall impose a sentence as provided pursuant to law as the law existed prior to July 1, 1993, and shall compute the appropriate sentence had the person been sentenced pursuant to the [KSGA]." K.S.A. 21-4724(f).

Applying the pre-KSGA sentencing statute applicable at the time Lee committed the crimes, the sentencing court imposed sentences of life imprisonment for first-degree murder and aggravated kidnapping, 15 years to life for kidnapping, and 3 to 10 years for aggravated assault. The court ordered Lee to serve these sentences consecutively.

In 2014, Lee filed a pro se motion to correct his sentences based on *Murdock*, arguing, under *Murdock*'s rationale, "there is . . . no statutory mechanism allowing us to draw a distinction between the current guidelines severity level scale and the pre-1993 felony classifications." He argued in an amended pro se motion, he "has a non-person felony history that makes his . . . conviction(s) and sentence(s) eligible for conversion to the [KSGA]." Counsel appointed for Lee echoed these arguments in a third written motion: "By requiring pre[-KSGA] person offenses to be scored as non-person offenses, the [*Murdock*] [c]ourt's interpretation opens the argument that offenses resulting in an indeterminate sentence, could be subject to reclassification not only as non-person offenses, but also reclassification as offenses with determinate/grid sentences."

4

The district court summarily denied the motions. Applying *State v. Lunsford*, 257 Kan. 508, 894 P.2d 200 (1995), the court held Lee was not eligible to have his "class/indeterminate sentence converted into a grid/determinate sentence." It reasoned that under *Lunsford* "'eligibility for . . . conversion based on the severity level of the crime is determined as of July 1, 1993," "subsequent events other than a reversal or new sentence imposed as a result of an appeal will not make the prisoner eligible," and neither of these eligibility-conferring subsequent events occurred in Lee's case. 257 Kan. at 511.

Lee timely appealed. Jurisdiction is proper. See K.S.A. 2016 Supp. 22-3601(b)(2), (3) (Supreme Court has jurisdiction over a case in which defendant is convicted of a class A felony or life sentence is imposed); *State v. Sims*, 294 Kan. 821, 823, 280 P.3d 780 (2012) (Supreme Court has jurisdiction over motion to correct an illegal sentence filed in a case in which defendant received a life sentence).

PRE-KSGA SENTENCE CONVERSION

Lee first argues he is entitled to have his pre-KSGA sentence converted to a KSGA grid sentence under the rationale underlying this court's decision in *Murdock*, 299 Kan. 312. We disagree.

*Murdock* held that pre-1993, out-of-state felony convictions must be classified as nonperson felonies for the purposes of calculating offenders' criminal history scores. 299 Kan. at 319. The statutory provision, K.S.A. 21-4711(e), required that prior out-of-state crimes be classified as person or nonperson by referring to "comparable offenses," and provided the default classification was "nonperson" if there was no comparable Kansas offense. 299 Kan. 312, Syl. ¶ 1.

5

But absent a statutory directive on whether the "comparable Kansas offense" should be determined under current Kansas law or the law at the time of the prior crime, the court relied on *State v. Williams*, 291 Kan. 554, 559, 244 P.3d 667 (2010), and held the comparison should be to the law at the time of the prior crime. See *Murdock*, 299 Kan. at 317-18. The blanket, nonperson classification of pre-KSGA, out-of-state crimes was therefore required because there were no person or nonperson designations in Kansas law before the KSGA. 299 Kan. at 319.

*Murdock* has since been overturned by *Keel*, 302 Kan. at 590 ("[T]he classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed.").

Asking us to extend *Murdock*, Lee contends that because the grid-placement classifications—upon which eligibility for retroactive conversion is determined—did not exist in the law at the time he committed his crimes, all his convictions are conversion eligible. See K.S.A. 21-4724(b)(1). He argues "presumptive prison," "border box," and "presumptively non-prison" designations did not exist in the law until the KSGA was enacted, so his pre-KSGA crimes must be considered "presumptively non-prison" crimes, which he argues is the "lower" of these three "classifications."

We considered and rejected this argument in *Jeffries*, 304 Kan. at 752. In that case a prisoner, who had been incarcerated for pre-KSGA crimes that would constitute off-grid and severity level 3 felonies, moved to have his sentence corrected. See 304 Kan. at 749-50. Like Lee, Jeffries argued under *Murdock* the post-KSGA severity level of his crimes could not be used to deny conversion because there were no severity level designations at the time he committed his offenses. Affirming the district court's

summary denial of Jeffries' motion, the *Jeffries* court reasoned that *Murdock* and *Keel* addressed ambiguity in K.S.A. 21-4711(e). 304 Kan. at 751. But the "temporal ambiguity" at the heart of those decisions is not present in K.S.A. 21-4724. 304 Kan. at 753. "The statute clearly directs that a person's pre-July 1, 1993, criminal acts are compared to the law in effect on July 1, 1993, to determine conversion eligibility." 304 Kan. at 753. The *Jeffries* court therefore concluded even if *Murdock* had not been overturned, its rationale is inapplicable to sentence conversion claims. 304 Kan. at 751.

In addition, Lee's case differs from *Jeffries* in one important respect: Lee was sentenced *after* July 1, 1993, whereas Jeffries pled guilty and nolo contendere to his crimes *before* July 1, 1993. See 304 Kan. at 749. In such case, K.S.A. 21-4724(f) controls, and the sentencing court was required to impose a preguidelines sentence and merely "compute the sentence that would have been imposed *had* the defendant been sentenced pursuant to the sentencing guidelines." *State v. Fierro*, 257 Kan. 639, 651, 895 P.2d 186 (1995).

The record reflects the sentencing court discharged this obligation. Other than the *Murdock*-based argument, Lee does not assert the sentencing court committed any error in computing his sentence. We hold the district court did not err when it ruled *Murdock* did not provide a basis for granting the motion.

SUMMARY DISPOSITION

Finally, Lee argues the district court erred by denying his motions without a hearing. He contends the plain language of K.S.A. 22-3504(1) grants him the right to a hearing on his motion at which he is entitled to be personally present and to have the assistance of counsel. His argument is without merit because the motions, records, and files in his case conclusively show Lee is not entitled to relief. See *State v. Gray*, 303

7

Kan. 1011, 1013, 1016, 368 P.3d 1113 (2016) (When a defendant files a motion to correct illegal sentence, a district court may dismiss the motion without a hearing or appointment of counsel if "'"'"the motion, files, and records of the case conclusively show the defendant is not entitled to relief."'"'"); *State v. Collier*, 306 Kan. ___, ___ P.3d ___ (No. 114,304, filed June 2, 2017), slip op. at 11 (applying *Gray* to reject identical arguments). Therefore, the district court did not err by summarily denying it.

Affirmed.